HAMITER, Justice.
 

 In this tort action Mr. and Mrs. Sam Roy Fertitta sued to recover damages for personal injuries sustained by the wife, as well as for connected medical expenses incurred by the community, as a result of the wife’s having been struck on the head by a glass jar knocked from a shelf in the Fertittas’ delicatessen by Anthony Armenio, an employee of William M. Palmer, Jr., d/b/a Louisiana Neon Manufacturing Company. At the time of the accident Armenio and a helper, Claude W. Daum, were in the course and scope of their employment with Palmer who manufactures and installs neon fixtures.
 

 Sued by plaintiff were Armenio, Daum and Palmer. Also named as defendants were the United States Fidelity and Guaranty Company (United), the manufacturer’s and contractor’s insurer of Palmer,
 
 *339
 
 and the Hanover Insurance Company (Hanover), the liability insurer of the truck owned by Palmer which had been used to transport the sign to the Fertitta premises.
 

 Palmer and United filed a third party demand against Armenio and Hanover.
 

 Armenio, in his answer, alleged that he was insured under the omnibus clause of the Hanover automobile liability policy and that, at the time of the accident, he was in the act of “unloading” the Palmer truck within the terms of such policy. He prayed that the court hold that he was covered by the insurance. (Other demands and cross-demands made by the respective parties are no longer at issue here.)
 

 On the main demand the trial court rendered judgment in favor of plaintiffs and against Armenio, Palmer and United, in solido, for the total sum of $7024.61. It dismissed the suit as to Daum and Hanover. On the third party action of Palmer and United the court rendered judgment in their favor against Armenio (for the amount which they had been cast on the principal claim), but it dismissed their demand against Planover. (By failing to grant Armenio’s prayer that he be held to be covered by the Hanover policy, the court also inferentially dismissed his claim.)
 

 Palmer, United and Armenio appealed to the Court of Appeal, Second Circuit, all urging that the district court erred in holding that Hanover’s automobile liability policy did not cover the accident which caused plaintiffs’ damages. The judgment appealed from was affirmed. 204 So.2d 135.
 

 On the application of Armenio we granted certiorari. 251 La. 689, 205 So.2d 606. Palmer and United did not apply for a review.
 

 The facts as found by the Court of Appeal, and which are virtually undisputed by the parties, are as follows: Palmer had entered into a contract with Fertitta whereby he undertook to manufacture, deliver and install a neon sign for the delicatessen. On the day of the accident Armenio and Daum transported such item and certain necessary tools to the Fertitta place in the Hanover-insured truck. The two men removed the tools from the truck and went into the premises. Armenio remained inside and discussed with Fertitta the place where the sign was to be installed. Daum went outside, took the neon fixture from the truck, and brought it into the place of business.
 

 When Daum came inside again Armenio was standing atop two counters, approximately three feet high, located just inside the front window in which the sign was to be placed (about seven or eight feet off the floor). It appears that he had assumed this position because, due to the cramped condition of this part of the premises, it was the only way he could reach the prop
 
 *341
 
 er place to position the sign for installation. Daum handed the neon fixture to Armenio who maneuvered it in the window for a few minutes in order to determine where he had to place the necessary screws. He then attempted to set the sign on top of a shelf above one of the counters, in the process of which he knocked some glass jars from the shelf. At least one of them hit Mrs. Fertitta on the head, causing her injuries.
 

 The automobile liability policy issued by Hanover to Palmer contains the usual omnibus clause, and it further provides: “Coverage A — Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the
 
 ownership, maintenance or use of the automobile.
 

 “
 
 * * *
 

 “The purposes for which the automobile is to be used are 'pleasure and business,’ * * *. (c) Use of the automobile for the purposes stated includes the loading and unloading thereof.” (Italics ours.)
 

 Armenio asserts that the Court of Appeal erred in holding that he was not in the act of “unloading” the Palmer truck, within the meaning of the “loading and unloading” clause of the policy, when the accident occurred. He argues that this court should adopt the so-called “completed operation” doctrine and hold that the “unloading” of the vehicle, within the contemplation of the insurance, continued until the neon fixture was completely installed.
 

 He contends, alternatively, that even if we accept the “coming to rest” doctrine (that is, that the unloading operation ceas es when the product has once come to rest after it has been removed from the insured vehicle) the unloading herein had not been completed, because the sign had not “come to rest” prior to the occurrence of the accident. In this connection he points out that Daum had never set the sign down after he brought it into the premises but, instead, handed it directly to Armenio who committed the tort as he attempted to put the fixture on the shelf.
 

 We do not feel compelled to accept entirely either of the above mentioned theories, with the ramifications involved in each and with the inherently absurd results which might be reached if either is carried to its ultimate conclusion under certain circumstances. Our function is to interpret the policy as a whole and to determine whether the negligent act which caused the injury was a natural and reasonable consequence of the use of the truck within the contemplation of the parties negotiating the insurance contract.
 

 Of course we realize, as is pointed out by counsel for Armenio, that when the courts of the various other states have
 
 *343
 
 been called on to interpret the “loading and unloading” clauses of policies most of them have generally resorted to the application of the facts to either of the two theories referred to. Some of them, however, have based their holdings on whether there was sufficient causal connection between the specific negligent acts which resulted in the injuries and the “use of the vehicles” involved. (This approach appears to have been used by the district court herein.)
 

 We do not deem it necessary or helpful to review such cases. They are collected and fully discussed in an annotation at 160 A.L.R. 1295. But we note that in a later annotation on the same subject, at 95 A.L.R.2d 1129, it is pointed out that there is a growing number of decisions which determine whether, on the facts of the particular cases, the negligent acts constituted “loading or unloading” with no clear enunciation of the legal theory applied and in which the issue has been determined without regard to any particular theory.
 

 The Court of Appeal herein followed, and we believe properly, the latter trend in applying what it called a “common sense” approach. This simply means that the court should decide whether, under a particular set of facts, the act causing the injury constituted a part of the “unloading” process as that term is commonly understood.
 

 And we approve the following observations of the Court of Appeal on which its decree is based: “As our courts have said on many occasions, insurance contracts should not be interpreted so as to lead to absurd conclusions. In the instant case, it should be observed, the sign was delivered and installed by the same party and to follow the ‘complete operation’ theory would lead to an absurd conclusion because the ‘operation’ would not be complete until the sign was finally installed. In a similar hypothetical case, where the same person did the delivering and installing and the installation involved intricate and complex machinery, such an ‘operation’ might well take days or even weeks to complete.
 

 “Under whatever theory or doctrine we view this case we adopt what we consider a common sense approach to the problem and conclude Armenio was in the process of
 
 installing
 
 a sign at the time the jar was knocked from the shelf in the store causing the injuries and that such installation and injury had no connection with the
 
 unloading
 
 of the truck. * * * ” The approach thus followed will avoid, in future cases, the possible absurd results which might obtain from the strict application of either of the two theories suggested by Armenio.
 

 For the reasons assigned the judgments of the district court and Court of Appeal are affirmed. Costs of this court are to be borne by Anthony Armenio.
 

 GLADNEY and BARHAM, JJ., take no part.