357 So.2d 632 (1978)
Wayne T. REDDEN and Yvonne Duplantis Redden
v.
John DOE and the Millers Casualty Insurance Company of Texas.
No. 11917.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*633 Robert L. Barrios, Houma, for plaintiffs and appellees.
Rudolph D. Hargis, Jr., and Philip J. McMahon, Houma, for defendants and appellants.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is a suit by plaintiffs, Wayne T. Redden and Mrs. Yvonne Duplantis Redden, against their uninsured motorist carrier, Millers Casualty Insurance Company of Texas, and an unknown motorist, seeking damages for personal injuries sustained by Mrs. Redden. After trial on the merits, judgment was rendered in favor of plaintiffs for the sum of $18,250. Millers has appealed.
Three questions, which were determined adversely to Millers, are presented for review: (1) Was there an "accident" within the terms of the policy?; (2) When did the accident end?; and (3) Did Mrs. Redden's injuries result from the accident?
The record indicates that Mrs. Redden was employed as a messenger by the Bank of Terrebonne & Trust Company to deliver mail and deposits among the various offices of the bank. She used a 1971 Buick station wagon, owned by her and her husband, and covered by a family automobile insurance policy issued by Millers. On March 18, 1975, while traveling on the Dulac Crossroad, Mrs. Redden's car was intentionally forced off the highway by two cars driven by a group of unidentified would-be robbers. Her car landed in Bayou Dularge, turned upside down, became partially submerged and began filling with water. Mrs. Redden attempted to escape through a broken window. She got halfway through the window when one of the assailants grabbed her by the shoulder and pulled her from the car. It was during this exit through the broken window that Mrs. Redden sustained the injuries complained of. The assailants were never apprehended.
The first question presents a matter of first impression in Louisiana, namely, whether or not an innocent insured under an uninsured motorist provision of an automobile liability policy may recover from his own insurer because of injuries resulting from an intentional wrong by an uninsured motorist.
The pertinent provision of the insurance policy provides in Part III, Coverage D:
"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . ., sustained by the insured, caused by accident. . ." (emphasis supplied).
There are no provisions in the policy defining what is an "accident" under this coverage, or which exclude intentional acts by uninsured motorists from coverage.
It is important to emphasize that we are here concerned with the obligations and responsibilities of an insurance company to its own policyholder as distinguished from the insurer's liability under an ordinary liability policy. The practical purpose of uninsured motorist coverage is to afford protection to an insured when he becomes the innocent victim of an uninsured motorist, and who would otherwise be left without recourse to secure reparation. See Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972), writ denied, 266 So.2d 223 (La.1972). As such, this coverage acts as an accident policy for the victim; and is statutorily mandated. LSA-R.S. 22:1406. In this instance, the social policy of preventing an *634 insured from profiting from his own wrongs (attendant to liability insurance) is not applicable. Rather, social policy considerations in uninsured motorist situations militate in favor of compensating the innocent and unsuspecting victim.
We believe that the nature and purpose of uninsured motorist coverage require that the question of whether or not an injury is accidental must be determined from the victim's standpoint. From this point of view, although inflicted intentionally, the victim's injuries result nonetheless from an "accident" within the meaning of the policy. See Leatherby Insurance Co. v. Willoughby, 315 So.2d 553 (Fla.App.1975); Celina Mutual Insurance Co. v. Saylor, 35 Ohio Misc. 81, 301 N.E.2d 721 (1973). See also 72 A.L.R.3d 1161.
The second question concerns the duration or extent of the accident.
Millers argues that the accident was at an end when the car came to rest in the bayou.
In rejecting this argument, the trial court stated in his Reasons for Judgment:
"The court believes that the term `accident' as used in the policy of insurance includes the entire sequence or chain of events which began with the bumping of Mrs. Redden's automobile by the uninsured motorist and was not concluded until she had exited and completely escaped from her vehicle. * * *"
We are of the same opinion.
Finally, we must determine whether or not Mrs. Redden's injuries resulted from the accident.
Millers contends that the injuries did not result from the accident but rather were the result of a battery committed by the would-be robber.
The trial court found, after reviewing Mrs. Redden's testimony in toto, that the injuries were sustained while escaping from the partially submerged automobile and were a direct consequence of the accident.
Our examination of the record indicates that an overwhelming preponderance of the evidence favors the trial court's finding. We find no manifest error.
For the above reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.