393 So.2d 871 (1981)
Dr. Frank I. MANGUM, Jr.
v.
Thomas WEIGEL et al.
No. 11433.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Rehearing Denied February 20, 1981.
*872 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Claude D. Vasser, Metairie, for plaintiff-appellant.
Lobman & Carnahan, Burt K. Carnahan, Metairie, for defendants-appellees.
Before SAMUEL, BARRY and SARTAIN, JJ.
SAMUEL, Judge.
This is an appeal from a summary judgment dismissing plaintiff's suit against his own insurer under the uninsured motorist and/or medical payment provisions of his automobile policy.
The facts are not in dispute.[1] Plaintiff was in a very minor collision involving his van and another vehicle in the French Quarter of New Orleans during a St. Patrick's Day parade. The other driver, shouting obscenities at plaintiff, got out of his own vehicle, came to plaintiff's van, and repeatedly punched plaintiff in the face through the open window. He then opened the door and attempted to pull plaintiff out of the van, while continuing to punch and strike plaintiff in the face, causing severe injuries. The other driver was either uninsured or under insured. He and plaintiff's insurer are defendants in this suit for personal injuries.
The issue presented is whether plaintiff is entitled to recover from his own insurer under either or both provisions, medical payment and uninsured motorist, of his policy with the defendant insurer.
That portion of the uninsured motorist provision pertinent here is:
"COVERAGE UUninsured Motorists (damages for Bodily Injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, ... caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile, ..." (Emphasis ours).
The pertinent provision of the medical payment portion of the policy reads as follows:
"COVERAGE CMedical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, ... services, ...
Division 1. To or for the named insured... who sustains bodily injury, ... caused by accident, ..." (Emphasis ours).
Thus, under the medical payment provision the bodily injury must be "caused by *873 accident", and under the uninsured motorist provision such injury must be "caused by accident" and must arise "out of the ownership, maintenance or use" of the uninsured vehicle.
Relative to "use of the uninsured vehicle," the most often cited Louisiana case is Speziale v. Kohnke, La.App., 194 So.2d 485. In Speziale plaintiff's injury was caused by throwing fireworks from one automobile into another motor vehicle. The court held that throwing fireworks did not constitute a "use" of the vehicle.[2]
In Speziale, the court said at page 486:
"... it is obvious that this case does not involve an `arising out of the use of an automobile' as reasonably contemplated by that cause. That the circumstances here are not within the clause is accentuated by the fact that the act of throwing a firecracker was a voluntary, deliberate act on the part of the automobile passenger. This factor, along with the entire set of circumstances, removes the connexity of the incident with the use of an automobile to the realm of insignificance."
In Baudin v. Traders & General Insurance Company, La.App., 201 So.2d 379, at pages 384 and 385, the court listed these six tests which have been used to determine whether or not an injury arose out of the "use" of an automobile:
"It is not our purpose here to establish a required list of tests of causation for holding that the accident is one `arising out of' the use of the automobile. Each case must be decided under its own particular facts. However, we note that the following tests have been used in the cited cases: (1) The dangerous situation causing injury must have its source in the use of the automobile; (2) The chain of events resulting in the accident must originate in the use of the automobile and be unbroken by the intervention of any event which has no direct or substantial relation to the use of the vehicle; (3) The accident must be a natural and reasonable incident or consequence of the use of the vehicle for the purposes contemplated by the policy, although not necessarily foreseen or expected; (4) The accident must be one which can be `immediately identified' with the use of the automobile as contemplated by the parties to the policy; (5) The accident must be of a type reasonably associated with the use of the automobile as contemplated by the contracting parties; (6) The accident must be one which would not have happened `but for' the use of the automobile."
None of these tests are satisfied in the instant case.
Relative to "caused by accident", plaintiff relies on the case of Redden v. Doe, La. App., 357 So.2d 632. In Redden the plaintiff vehicle was forced off the highway and into a bayou by two cars driven by a group of `would-be robbers'. Plaintiff was injured when she was pulled through a car window by one of her assailants. The court held those injuries were accidental. Drawing a distinction between injuries caused by the "accident", i. e., injuries sustained by plaintiff while emerging from the window, and those which might have been caused by a battery committed by one of the robbers, the court held plaintiff's injuries were within the terms of her uninsured motorist coverage. Thus, Redden is distinguishable.
We are of the opinion that plaintiff's injuries were the result of a battery, an intentional tort, committed by the defendant driver, and thus not caused by accident within the terms of the policy. Nor was there an accident which arose out of the use of the defendant vehicle, which defendant left in order to commit the battery.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The judgment is based solely upon plaintiff's petition and defendant's insurance policy.
[2] See also Miller v. Keating, La.App., 339 So.2d 40, modified in other respects, La., 349 So.2d 265, where plaintiff contended a battery committed by defendant constituted "use" of a vehicle; Ramsey v. Continental Insurance Company, La.App., 286 So.2d 371 (plaintiff injured by gun discharged in vehicle).