450 So.2d 1014 (1984)
Roxiann Martin DUPUY, Homer G. Martin, IV and Joyce Ballard Smith, as Natural Tutrix of Sharon R. Martin
v.
Roger Joseph GONDAY and Russell David Williams and Maryland Casualty Company.
No. 83 CA 0678.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1015 Dennis A. Pennington, Baton Rouge, for plaintiffs-appellants.
John S. White, Jr., Baton Rouge, for defendant-appellee Maryland Cas. Co.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Homer G. Martin III was shot in an altercation following a motor vehicle accident and subsequently died. The present wrongful death action was brought by the beneficiaries under LSA-C.C. art. 2315 against those responsible for the shooting, and also against the Maryland Casualty Company, business automobile insurer of Martin, under the uninsured motorist endorsement of the policy issued to AAA Air Conditioning Service of Baton Rouge, Inc., which policy insured Martin. Maryland moved for summary judgment, contending the fatal shooting was not covered under the uninsured motorist endorsement of the policy. The trial court granted summary judgment. We affirm.
The events surrounding the fatal shooting are described in paragraphs 2 and 3 of plaintiffs' original petition, which read as follows:
"2.
On or about the 2nd day of November, 1981, defendants were involved in an automobile accident with plaintiffs' decedent, Homer G. Martin, III, at the intersection of Choctaw Drive and North Foster Drive in the City of Baton Rouge, State of Louisiana, wherein defendant Gonday cut off Homer G. Martin, III in an intersection.
3.
Immediately subsequent to the accident aforesaid, defendants jointly, without cause, and with malicious intent, engaged plaintiffs' decedent in an argument and attempted to run plaintiffs' decedent off the road. Plaintiffs' decedent pulled his vehicle into a parking lot at 4215 Choctaw Drive, wherein defendants, Roger Joseph Gonday and Russell David Williams, proceeded to either individually or collectively fire a shotgun at plaintiffs' decedent, mortally injuring plaintiffs' decedent. Both said defendants actively participated in detaining and causing plaintiffs' injuries."
The paragraph of the uninsured motorist endorsement to Maryland's business auto insurance policy that is pertinent to the present case is paragraph B.1., which reads as follows:
"1. We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle."
Summary judgments are not favored and any doubt will be resolved against the granting of summary judgment. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981); Jewell v. Thompson, 386 So.2d 689 (La.App. 3d Cir. 1980), writ denied 393 So.2d 746 (1980). However, in the present case, undisputed facts that (1) a collision occurred between Martin's automobile and another, (2) that the vehicles later stopped in a parking lot, and (3) an altercation ensued after the vehicles had stopped, in which Martin was mortally wounded, lead to the inevitable conclusion that summary judgment was proper.
In Tobin v. Williams, 396 So.2d 562 (La. App. 3d Cir.1981), the following two-fold test was applied to determine whether or not an accident arose out of the "ownership, maintenance, or use, including loading and unloading" of the insured vehicle:

*1016 "`(1) Was the vehicle being used at the time of the accident, and (2) Was the use thereof directly connected with or a cause of the ensuing accident.'"
In the present case, both parts of the test must be answered in the negative. Gonday's vehicle had ceased to be used at the time of the alleged gun shot, and the use of Gonday's vehicle was neither directly connected with nor a cause of the fatal shooting. An earlier six-part test employed in Mangum v. Weigel, 393 So.2d 871 (La.App. 4th Cir.1981), would similarly lead to the conclusion of absence of coverage in the present case, as the test would require that the chain of events resulting in the alleged accident originate in the use of the automobile and thereafter be unbroken by the intervention of any event which has no direct or substantial relation to the use of the vehicle, and also that the accident must be associated with the use of the vehicle as contemplated by the contracting parties. Obviously, neither was the case with regard to the fatal shooting sued upon. The uninsured motorist endorsement was thus without application to the present facts.
It is true that the present endorsement uses the phrase "resulting from", rather than "arising out of" as found in Tobin, supra, and Mangum, supra. However, the difference is one of style and not one of substance as the present policy used "simplified" or non-legal language throughout. The change in language did not effect a change in coverage.
It is further contended by Maryland that the fatal shooting was not "caused by an accident", in the language of paragraph B.1. of Maryland's uninsured motorist endorsement. Because of the result we have reached, we find it unnecessary to pass upon the merit of this contention.
The judgment of the trial court is affirmed, at appellants' cost.
AFFIRMED.