490 So.2d 416 (1986)
Barbara Naquin LUCEY, et ux.
v.
Darryl HARRIS, et al.
No. 86-CA-68.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
Rehearing Denied July 17, 1986.
*418 David Band, Jr., New Orleans, for plaintiffs-appellants.
Gregory M. Porobil, New Orleans, for defendant-appellee.
Before KLIEBERT, WICKER and NACCARI, JJ.
WICKER, Judge.
This appeal arises from a summary judgment granted in favor of defendant, Savings General Insurance Company (Savings General), in response to an action involving the shooting death of Anthony Kevin Lucey on October 20, 1981. The suit for wrongful death was initiated by the decedent's widow, Barbara Naquin Lucey, individually, and on behalf of the estate of her deceased husband, and as natural tutrix of their minor child Eric Lucey. We affirm.
The uncontested facts in this case reveal that on the date of the shooting, defendant, Pate and a passenger in his taxicab, Darryl Harris, were driving in an area known as Fat City located in Metairie, Louisiana. At or near one of the intersections in the area, Pate and the deceased, a pedestrian, became involved in a verbal altercation. The altercation escalated and shortly thereafter, Lucey was shot by Harris and subsequently died.
As a result of her husband's death, Mrs. Lucey filed a negligence action against Pate and his automobile liability insurer, Savings General. Subsequently, Savings General filed a motion for summary judgment on the basis that the policy issued to Pate did not cover the injury sustained by Lucey. The motion was granted and the suit dismissed as to Savings General.
In her appeal to this court, decedent's wife argues that the summary judgment was improper since genuine issues of material fact exist precluding summary judgment. The sole issue is whether the liability policy issued by Savings General provides coverage to an injured party under the facts extracted from the record.
A motion for summary judgment should be granted only if the pleadings, depositions, answer to interrogatories and admissions on file and affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. L.S.A.-C.C.P. art. 966, Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984) writ denied 457 So.2d 11 (La.1984). Any reasonable doubt should be resolved against the granting of the motion for summary judgment. Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.1984) writ denied 457 So.2d 1194 (La.1984).
On the other hand, "a motion for summary judgment must be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court." Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). However, a mere belief that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of summary judgment and thus deprive the litigant of a trial. The function of the court is not to determine merits or issues, but rather to determine whether there is genuine issue of material fact. Laufer v. Touro Infirmary, et al, 334 So.2d 541 (La.App. 4th Cir.1976); Kinney v. Hutchinson, 449 So.2d 696 (La.App. 5th Cir.1984).
Savings General relies upon two policy provisions to support the motion for summary judgment. It asserts that the General Purpose Endorsement does not provide coverage for Lucey's fatal injury because it was caused by a battery, and that further, the phrase "arising out of the ownership, maintenance or use ... of any automobile" precludes coverage since the injury did not arise from the use of the vehicle.
The first provision relied on by Savings General to defeat recovery is an endorsement attached to the policy which states:
"GENERAL PURPOSE ENDORSEMENT NO. 6 ...
This policy does not apply to bodily injury to any person by assault, battery or brutality or any claim for damages based upon a violation of civil rights ..." *419 Savings General argues that since Lucey died from an assault and battery committed by Pate's passenger, Harris, the endorsement excludes coverage. We disagree.
A liability policy is written for the benefit of third parties who suffer injury or damage because of the action of the insured. Lou-Con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192 (La.App. 4th Cir.1973), writ denied 290 So.2d 899 and 290 So.2d 901 (La.1974). The insurers liability is contingent upon proof of the negligence or tortious conduct of the insured. Musmeci v. American Automobile Insurance Co., 146 So.2d 496 (La.App. 4th 1962). The primary object of automobile liability insurance is to "indemnify the policy holder for an injury for which he might be liable because of the ownership, maintenance, or use of a motor vehicle ..." 7 Blashfield, Automotive Law and Practice Section 291.1, 3rd Edition (1966). 12 Appleman, Insurance Law and Practice Section 7001 (1981).
In order for the endorsement to defeat Lucey's recovery it must be shown that the insured party, Pate, committed the battery. It does not apply to a battery committed by a stranger to the policy, unless that party is an insured under the policy terms. Since Harris was not an insured under Pate's automobile liability policy and the parties agree that Lucey's death was at least partially caused by Harris' assault upon Lucey, and since Pate is not accused of committing an intentional tort upon Lucey, the endorsement is inapplicable.
The provision in the policy which is relevant to our facts, is the "arising out of the ownership, maintenance or use ..." provision which states
"COVERAGE D ...
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
C. bodily injury, ...
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading of any automobile..."
In Carter v. City Parish Government, Etc., 423 So.2d 1080, 1087 (La.1982), the Louisiana Supreme Court stated that "the arising-out-of use provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury." As explained in Carter, supra, the issues of legal cause and use of the vehicle are distinct issues which must be addressed separately to determine the applicability of the "arising-out-of" provision. The court noted that the issue of the vehicle's use may be a more difficult question to answer when the complained of conduct is not the defendant's actual operation of the vehicle.
The Carter holding evolved from three previous Supreme Court decisions; Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968); LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978); and Picou v. Ferrara, 412 So.2d 1297 (La.1982). From this quartet of Louisiana Supreme Court cases the process of resolving the use issue can be extracted. The duty/risk analysis is utilized to determine whether the insured's conduct is a legal cause of the accident, and if so, then it must be determined whether the harm arose out of the use of the vehicle. In order to answer the question of whether the injury arose from the use of the vehicle, the automobile must be essential to the theory of liability. If the duty breached by the insured flows from the use of the vehicle, then liability exists under the "arising out of provision", but if it is independent of the use of the automobile, then no liability arises from the automobile's use. McKenzie, Automobile Liability Insurance-Use, 44 La.L.R. 365 (1983). Fertitta, supra, LeJeune, supra, Picou, supra. Fertitta and subsequent cases require a common sense approach to the determination of the use question. See Tolleson v. State Farm Fire and Casualty Company, 449 So.2d 105 (La.App. 1st Cir. 1984) writ denied 450 So.2d 968 (La.1984); *420 Johns v. State Farm Fire and Casualty Company, 349 So.2d 481 (La.App. 3rd Cir. 1977).
In deciding the issue of whether the risk resulting in Lucey's harm was within Pate's duty, the court must decide whether the conduct complained of was a cause in fact of the harm, and whether the alleged tortfeasor, Pate was under a duty to protect against the particular risk involved. Carter, supra.
Legal cause, otherwise termed cause in fact, exists if the defendant's conduct is a substantial factor in bringing about the harm. Thomas v. Missouri Pacific Railroad Co., 466 So.2d 1280 (La. 1985); Baach v. Clark, 442 So.2d 514 (La. App. 5th Cir.1983), writ denied 447 So.2d 1067 (La.1984). Although every act leading to an accident is not necessarily a cause in fact, when it can be shown more probably than not that the act was a necessary ingredient in the accident, it constitutes a cause in fact. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972). Thus, a case may involve more than one legal cause. Ward v. Louisiana and Arkansas Ry. Co., 451 So.2d 597 (La. App. 2nd Cir.1984); Dixie Drive It Yourself Systems v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
In this case, the petition filed by Lucey alleges the negligence of Pate, as an additional cause of Lucey's fatal injury. The allegations assert that Pate knew that his passenger was dangerous and armed, that he instigated the events triggering the shooting and that he renewed the altercation after driving the cab a short distance from where the verbal argument began, stopped the cab and continued the quarrel. Savings General and Pate denied the allegations. Because the facts involving Pate's role in the incident are disputed, the court is unable to determine whether Pate's conduct constitutes an additional cause in fact of Lucey's fatal injury. Under the policy, coverage would exist if Lucey is able to prove Pate's negligence, and that his negligence is a cause in fact of Lucey's death since the policy is designed to protect injured parties from the insured's negligent acts, provided however, that the second question of the vehicle's use is affirmatively answered.
The second prong of our inquiry appertaining to the vehicle's use, has not been addressed by this circuit in circumstances involving an automobile and a battery of this nature. However, the other circuit courts of appeal have had occasion to decide the issue of the vehicle's use in conjunction with a battery and those courts concluded that injuries caused by a battery, whether a gunshot, or a physical attack do not "arise from the use of" a vehicle. Mangum v. Weigel, 393 So.2d 871 (La.App. 4th Cir.1981); Tobin v. Williams, 396 So.2d 562 (La.App. 3rd Cir.1981); Ramsey v. Continental Insurance Company, 286 So.2d 371 (La.App. 2nd Cir.1973), writ denied 287 So.2d 187 (La.1973); Dupuy v. Gonday, 450 So.2d 1014 (La.App. 1st Cir. 1984); Tolleson v. State Farm Fire and Casualty Company, 449 So.2d 105 (La. App. 1st Cir.1984), writ denied, 450 So.2d 968 (La.1984); Topole v. Eidson, 464 So.2d 406 (La.App. 1st Cir.1985).
In Tobin, Dupuy and Mangum the injuries suffered by the respective plaintiffs ensued following verbal arguments with defendants. The defendant in Tobin, while seated in his vehicle, shot the plaintiff, allegedly unintentionally, after a dispute concerning a promissory note. The altercations which resulted in a battery being committed on the plaintiffs in Dupuy and Mangum, arose following automobile collisions while the parties stood outside the vehicles. The plaintiff in Dupuy was shot, and the plaintiff in Mangum was punched by the defendant. In Ramsey, Topole and Tolleson, the respective plaintiffs sustained accidental gunshot injuries as a result of careless handling of firearms by the respective defendants. The incident in Ramsey occurred when the defendant teenager, who was seated in his car, attempted to move his shotgun from the front seat to the rear. The Topole decision dealt with a minor who discharged a weapon while standing on the bed of a pick-up truck. In *421 Tolleson, the defendant injured the plaintiff when he pointed a shotgun in plaintiff's direction believing it was unloaded and pulled the trigger. The parties in Tolleson were standing near the trunk of a vehicle in which the shotgun had been placed in preparation for a hunting trip.
In deciding the issue of the insurer's liability in these cases, the courts utilized a common sense approach as required by the Louisiana Supreme Court in Fertitta. In each case, the courts concluded that the injury or accident was not sufficiently connected to the use of the automobile to create liability under the "arising out of" provision of the policy. Three of the cases were decided on a trial on the merits (Ramsey, Tolleson and Tobin), whereas in Mangum, Dupuy and Topole, the courts dismissed the plaintiffs claim against the insurer on a motion for summary judgment, as occurred in the case herein.
The facts available for our review of the summary judgment were extrapolated from the pleadings and interrogatories. No other evidence was submitted in conjunction with the motion. The undisputed facts show that Pate was driving his taxicab in the area where Lacey was walking, and that for some reason, an argument ensued between Pate and Lucey which resulted in the shooting death of Lucey by Harris, the passenger in the taxicab. The disputed facts concern Pate's alleged negligent conduct in failing to leave the scene when he knew or should have known of the dangerous propensities of Harris. Analyzing the undisputed facts under the common sense approach as required by Fertitta, we conclude that Pate's use of the taxicab was only incidental to the injuries sustained by Lucey, and that the accident did not "flow" from the use of the vehicle within the meaning of the "arising out of" provision of the policy. Consequently, as the pleadings and interrogatories show there is no material issue of genuine fact regarding the use of the vehicle and that Savings General is entitled to judgment as a matter of law, we find that the trial court did not err in granting the motion for summary judgment. L.S.A.-C.C.P. 966.
Accordingly, the judgment of the trial court is hereby affirmed.
AFFIRMED.