NORRIS, Judge.
Plaintiff, Tina L. Blue, appeals a judgment rendered in favor of defendant, State Farm Insurance Company, denying recovery for injuries she received when she was physically assaulted, after a minor traffic collision, by the driver of the other vehicle involved. The lower court granted judgment against the other driver, Sherry B. Yanez, only. Yanez did not appeal nor answer the appeal. Plaintiff contends the trial court erred in denying recovery against her uninsured motorist insurer, State Farm. Additionally, she seeks an increase in the amount of damages awarded her. For the reasons expressed, we affirm.
Ms. Yanez’s vehicle had run out of gas and was parked in the right-hand lane of Jewella Avenue. Ms. Yanez was sitting in *702 her car waiting for help and balancing her checkbook when the plaintiffs vehicle struck her from behind. It was a very minor collision and there was no physical damage to either vehicle.
Immediately afterward, both parties exited their vehicles and an altercation ensued in which Ms. Yanez repeatedly jabbed the plaintiff with a ballpoint pen. The plaintiff, a state trooper at the time, eventually wrestled the pen away from Ms. Yanez and subdued her until police arrived. Ms. Ya-nez was arrested and later convicted of simple battery.
State Farm had issued a liability policy covering the Yanez vehicle and also had issued appellant a policy that provided uninsured motorist coverage.
In the court below, plaintiff sued Yanez and State Farm in its capacity as a liability insurer and an uninsured motorist insurer. The lower court granted judgment against Ms. Yanez for $1047.15. However, it found no coverage under either State Farm policy. The trial court found the injuries were the result of an intentional tort committed by Ms. Yanez subsequent to the minor collision after both parties had exited their vehicles; that plaintiffs injuries were not caused by the collision; and that plaintiffs injuries could not be considered as a consequence flowing from the use of the uninsured automobile.
On appeal, plaintiff contends she should recover under the uninsured motorist coverage of her policy. At oral argument, plaintiffs counsel expressly conceded that the liability policy covering the Yanez vehicle afforded no coverage because, the evidence supports the lower court’s conclusion that Yanez intended her actions and the consequences of Blue’s injuries. Thus, this appeal is concerned only with the correctness of the lower court’s ruling regarding the uninsured motorist coverage.
The applicable portion of the uninsured motorist coverage provides in Section 3— Coverage U:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle, (emphasis added)
In order for plaintiff’s injuries to be covered under this provision, the injuries must have been caused by accident arising out of the operation, maintenance or use of the uninsured vehicle. Plaintiff argues that her injuries were accidental to her and would not have occurred but for the collision and therefore coverage should be found. She cites recent case law on the subject and contends there is a conflict between the circuits. Bloodworth v. Carroll, 455 So.2d 1197 (La.App. 2d Cir.1984), rev. on other grounds, 463 So.2d 1313 (La.1985); Mangum v. Weigel, 393 So.2d 871 (La.App. 4th Cir.1981); and Redden v. Doe, 357 So.2d 632 (La.App. 1st Cir.1978).
In Redden, supra, the plaintiff was intentionally forced off the road into a bayou by two cars driven by unidentified, would-be robbers. She sustained injury when she was pulled through a broken window of her sinking vehicle by one of her assailants. She sued under her own uninsured motorist coverage. The First Circuit held that the question of whether or not an injury is accidental under uninsured motorist coverage must be determined from the victim’s standpoint. From this point of view, although plaintiff was intentionally forced off the road, her injuries resulted from an “accident” within the meaning of the policy. The court further held that the plaintiff’s injuries resulted from the automobile accident and not a battery by one of the would-be robbers. The court construed the term “accident” to include the entire sequence or chain of events beginning with the intentional bumping of the plaintiff’s vehicle by the uninsured motorist and not concluding until she had exited and completely escaped from her vehicle.
In Bloodworth, supra, several plaintiffs were injured when defendant intentionally backed his automobile into another vehicle in an attempt to scare his former wife. *703 The defendant’s wife jumped clear but the other plaintiffs were struck by defendant’s automobile. There were several insurance policies involved, which afforded both liability and uninsured motorist coverage. Defendant’s former wife claimed coverage under the uninsured motorist provision of a polciy issued to the owner of the car she was about to enter. This provision provided that the injuries must be caused by an accident. In finding coverage for defendant’s former wife under this policy provision, we adopted the reasoning of the First Circuit in Redden v. Doe, supra, concluding that the term “accident” must be interpreted from the victim’s point of view. From her point of view, we found her injuries to be accidental and granted recovery under the uninsured motorist coverage.
While not specifically addressed, the facts are clear in both Bloodworth and Redden that the incident which caused injury arose out of the use of an uninsured motor vehicle. In both these cases, the use of the uninsured motor vehicle resulted in the incident that caused injury.
In Mangum, supra, recovery was denied under the uninsured motorist provision of plaintiff’s policy for injuries he sustained following a minor traffic collision. This provision provided that the injuries must be caused by accident and arise out of the use of the uninsured motor vehicle. There, as in the instant case, the plaintiff’s vehicle was involved in a minor collison with the uninsured motor vehicle. The driver of the uninsured motor vehicle got out of his vehicle, came back to plaintiff’s van, and repeatedly punched plaintiff in the face through the open window. The Fourth Circuit concluded that the plaintiff’s injuries did not arise out of the use of the uninsured motor vehicle. Further commenting, the Fourth Circuit, distinguishing Redden v. Doe, supra, held that plaintiff’s injuries were the result of a battery, an intentional tort, and thus not caused by accident within the terms of the policy. It is this latter holding that creates the apparent conflict in the circuits. However, an interpretation of the phrase “caused by accident” was unnecessary to the Mangum resolution once the court found the incident that caused the injury did not arise out of the use of the uninsured vehicle. A fair construction of the Fourth Circuit’s holding would be that the vehicular accident which clearly arose out of the use of the uninsured vehicle had ended before the plaintiff sustained injury. The incident which caused the injury, the battery, did not have a sufficient causal relationship to the use of the uninsured vehicle.
After a careful study of these cases, we are hesitant to conclude at this juncture that the circuits are in conflict on this issue. Admittedly, this court and the First Circuit have expressly stated that the phrase “caused by accident” in an uninsured motorist provision should be interpreted from the victim’s standpoint. Thus, acts intentionally committed with a vehicle by an uninsured motorist would be included under the coverage. The Fourth Circuit may yet choose to define accident under the uninsured motorist provision narrowly to exclude intentional acts of the uninsured motorist that clearly arise out of the use, operation or maintenance of the vehicle. As of yet, however, we do not think the Fourth Circuit has so held. Nevertheless, this issue is not really crucial to a correct disposition of the instant case. Regardless of how the incident that causes the injuries is interpreted, it still must be shown to have arisen out of the operation, maintenance or use of an uninsured motor vehicle.
In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), reh.den. (1982), the Louisiana Supreme Court held the “arising-out-of-use” provision requires the court to answer two separate questions:
(1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
These two questions must be answered separately and coverage exists only if both questions are answered affirmatively. Id.; *704 Topole v. Eidson, 464 So.2d 406 (La.App. 1st Cir.1985).
In the recent case of Dupuy v. Gonday 450 So.2d 1014 (La.App. 1st Cir.1984), the First Circuit upheld a summary judgment denying coverage under similar facts on the basis that the plaintiff’s injuries did not arise out of use of an uninsured motor vehicle. In Dupuy, the plaintiffs decedent was shot and killed following a minor traffic accident. The undisputed facts were that (1) a collision occurred, (2) the vehicles later stopped in a parking lot, and (3) an altercation ensued after the vehicles had stopped, in which the plaintiff’s decedent was mortally wounded. Utilizing a twofold test similar to the one set forth in Carter, supra, the First Circuit concluded that the uninsured motor vehicle had ceased being used at the time of the shooting and that the use of the uninsured motor vehicle was neither directly connected with nor a cause of the fatal shooting. Dupuy, supra at 1016.[1]
As noted by our Supreme Court in Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968), a determination of whether the injury-causing incident arises out of the use of a vehicle is best made by using a common sense approach. There must be a sufficient causal relationship between the use of an uninsured vehicle and the injury-causing incident. Id., and Miller v. Keating, 339 So.2d 40 (La.App. 3d Cir.1976), modified in other respects, 349 So.2d 265 (La.1975).
In the instant case, the uninsured motor vehicle driven by defendant Yanez had run out of gas and was sitting motionless when bumped from behind by plaintiff. Plaintiff sustained absolutely no injuries as a result of the collision. After the collision, both parties exited their vehicles tó determine whether any damage had occurred. Standing outside their vehicles, they exchanged heated words and an altercation ensued in which defendant Yanez attacked the plaintiff with a ball point pen. Under the totality of the circumstances, the trial court was not manifestly erroneous in its conclusion that the plaintiff’s injuries did not arise out of the use of the uninsured motor vehicle. Assuming arguendo, without so holding, that the Yanez vehicle was being used at the time of the collision, that use cannot be considered as the “legal cause” of the subsequent attack on plaintiff. The connection between the use of the uninsured motor vehicle and the subsequent attack is too remote and insignificant for plaintiff’s injuries to be considered as having arisen out of the use of that vehicle. Miller, supra. The defendant’s unwarranted attack on plaintiff after the minor traffic collision was not a reasonable and natural consequence of the use of defendant’s vehicle, within the contemplation of the parties to the insurance contract. Topole, supra.
Furthermore, we find plaintiff’s reliance on the but for test unpersuasive. The Louisiana Supreme Court in Carter, supra, heavily criticized the six-part test enunciated in Baudin v. Traders and General Ins. Co., 201 So.2d 379 (La.App. 3d Cir.1967, writ den. 251 La. 224, 203 So.2d 557 (1967), which had included a but for analysis. The Supreme Court found such a test relied too heavily on proximate cause concepts that were not helpful to the legal cause and automobile use questions. Carter, supra at 1087. We agree. Accordingly, we decline to follow such a test here.
Finally, plaintiff contends that the trial court’s award of $1000 general damages plus medical expenses of $47.15 is insufficient. We have carefully reviewed the record and the photographs admitted into evidence. Our review reveals that the plaintiff did suffer several cuts and scratches. However, there is absolutely no *705 evidence of any serious injury or disfigurement. The plaintiffs medicals were only $47.15. Under these circumstances, we cannot find the trial court abused its great discretion in the damage award. Reck v. Stevens, 373 So.2d 498 (La.1979).
Accordingly, the lower court’s judgment is affirmed at appellant’s cost.
AFFIRMED.

. In Dupuy, it is also significant to note that once it was found that the plaintiffs injuries did not arise out of the use of the uninsured vehicle, the issue of whether the injury-causing act was "accidental" became irrelevant. In fact, the First Circuit in Dupuy expressly stated that because of the result they reached, (i.e., that the plaintiff’s injuries did not arise out of the use of the uninsured motor vehicle) it was unnecessary to pass upon the merit of whether the injuries were "accidental.” Dupuy, supra at 1016.