FORET, Judge.
Plaintiff, Allerine (Pat) Hartman, instituted this action against Trinity Universal of Kansas (Trinity), seeking recovery under the medical payments provisions of her auto insurance policy. The trial court granted Trinity’s motion for summary judgment, and plaintiff has appealed.
FACTS
On the evening of October 2, 1986, plaintiff attended a party for Boeing Aircraft Corporation held at Charlie’s Lounge located in the Lake Charles Hilton Hotel. At approximately 1:00 A.M., plaintiff left the party and proceeded to her car located in a nearby parking lot, accompanied by her friend, Pam Dupann. Plaintiff and Ms. Dupann separated when they approached their respective vehicles. As plaintiff entered her ear, she was accosted by three or four unidentified men who asked plaintiff for her money. Plaintiff explained that she had nothing to give them and she threw her purse into the back of the car. Plaintiff then reached into the back of her car and grabbed a gun, at which time a struggle ensued between plaintiff and her assailants. During the course of the struggle, which occurred while plaintiff was near or partially in her vehicle, plaintiff was struck about the head and face by the would-be robbers, who then fled into the night, never to be seen again.
Plaintiff seeks recovery under the medical pay provisions of the Trinity policy which provides, in pertinent part, as follows:
"PART B — MEDICAL PAYMENTS coverage
INSURING
AGREEMENT
We will pay reasonable expenses Incurred for necessary medical and funeral services because of bodily Injury:
1. Caused by accident; and
2. Sustained by a covered person.
We will pay only those expenses Incurred within 3 years from the date of the accident. “Covered person" as used In this Part means:
1. You or any family member:
a. while occupying; or
b. as a pedestrian when struck by;
a motor vehicle designed for use mainly on public roads or a trailer of any type.
2. Any other person while occupying your covered auto. ''
The trial court granted Trinity’s motion for summary judgment but did not assign written reasons. The issue presented for our consideration on appeal is whether or not plaintiff’s injuries were caused by “an *799 accident” [1] so as to afford coverage under the med pay provision of the Trinity policy.[2]
Our research fails to reveal any cases decided by our Supreme Court on the issue at hand; nor do we find any Third Circuit cases on point. However, there are cases emanating from the First and Fourth Circuits which are relevant and therefore merit discussion. In Redden v. Doe, 357 So2d 632 (La.App. 1 Cir.1978), the plaintiffs car was intentionally forced off the road by two vehicles occupied by men who sought to steal bank deposits which plaintiff supposedly had in her vehicle. Plaintiffs car capsized and came to rest in a bayou, at which time one of the assailants grabbed her by the shoulder and pulled her from the car. Plaintiff suffered injuries as she was pulled through a broken window in the 'car. She thereafter sued her auto insurer, claiming coverage under the UM provisions of her policy which, in essence, obligated the insurer to compensate the insured for injuries “caused by accident.” The court of appeal affirmed the trial court’s judgment, finding that, from the standpoint of the insured, the incident in question was an accident even though her injuries resulted, at least indirectly, from the commission of an intentional tort by her assailants. In this regard, the court stated the following:
“We believe that the nature and purpose of uninsured motorist coverage require that the question of whether or not an injury is accidental must be determined from the victim’s standpoint. From this point of view, although inflicted intentionally, the victim’s injuries result nonetheless from an ‘accident’ within the meaning of the policy. See Leatherby Insurance Co. v. Willoughby, 315 So.2d 553 (Fla.App.1975); Celina Mutual Insurance Co. v. Saylor, 35 Ohio Misc. 81, 301 N.E.2d 721 (1973). See also 72 A.L.R.3d 1161.”
Redden, at 634.
In Mangum v. Weigel, 393 So2d 871 (La. App. 4 Cir.1981), the plaintiff’s vehicle struck another vehicle in the New Orleans French Quarter during a St. Patrick’s Day parade. The driver of the other vehicle then exited his car, came to plaintiff’s van, and repeatedly punched plaintiff in the face through an open window. He then opened the door and attempted to pull plaintiff out of the van while continuing to strike plaintiff about the face and head. Plaintiff brought suit against his auto insurer under both the UM and med pay provisions of the policy, both of which required injury by “accident,” with the UM coverage also mandating that the injury arise “out of the ownership, maintenance or use of such uninsured automobile.” The court of appeal affirmed the judgment of the trial court, granting the insurer’s motion for summary judgment and, in so doing, stated the following:
“We are of the opinion that plaintiff’s injuries were the result of a battery, an intentional tort, committed by the defendant driver, and thus not caused by accident within the terms of the policy. Nor was there an accident which arosé out of the use of the defendant vehicle, which defendant left in order to commit the battery.”
The Mangum court attempted to distinguish Redden as follows:
“Relative to ‘caused by accident’, plaintiff relies on the case of Redden v. Doe, La.App., 357 So.2d 632. In Redden the plaintiff vehicle was forced off the highway and into a bayou by two cars driven by a group of ‘would-be robbers’. Plaintiff was injured when she was pulled through a car window by one of her assailants. The court held those injuries were accidental. Drawing a distinction between injuries caused by the ‘accident’, i.e., injuries sustained by plaintiff while emerging from the window, and those which might have been caused by a battery committed by one of the robbers, the court held plaintiff’s injuries were within the terms of her uninsured motor *800 ist coverage. Thus, Redden is distinguishable.”
Mangum, at 873.
Turning now to the facts of the instant case, and considering the jurisprudence discussed above, we adopt the position of the Fourth Circuit in Mangum and find that plaintiff did not sustain an injury by “accident” as required by the Trinity policy. We point out that Mangum is the only reported case we were able to find which involved the interpretation of the term “accident” as used in the med pay provisions of a motor vehicle insurance policy. Furthermore, in the instant case, as was the ease in Mangum, there is absolutely no connexity between the plaintiff’s injuries and the plaintiff’s vehicle. Plaintiff simply happened to be near or partially in the vehicle when she was attacked. Plaintiff was injured as a result of an intentional tort, indeed a criminal act. Her automobile played no significant role in her injury. We do not feel that this is the type risk contemplated by the Trinity insurance policy-
The judgment of the trial court is affirmed, and all costs of this appeal are assessed to plaintiff-appellant, Allerine (Pat) Ingram Hartman.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.

. Nowhere in Trinity's policy is the term "accident" defined.

. Trinity concedes on appeal that plaintiff was "occupying" a motor vehicle as required by the med pay provisions of the Trinity policy.