DOMENGEAUX, Judge,
dissenting.
The facts of this case are undisputed. Hartman was injured by unknown assailants while she was in a parking lot entering her vehíclé. The issue is whether Hartman’s injuries were caused by an accident so as to afford coverage under the med pay provision of the Trinity policy.
What complicates this seemingly simple question is the fact that the word “accident” is not defined in the Trinity policy. Nor does the policy describe the type or nature of accident which it purports to cover. The insured, therefore, is faced with a perplexing and ambiguous policy provision.
Will the policy cover injuries caused by a rock propelled by an eighteen-wheeler but not a mischievous child’s slingshot? Will the insured be compensated for a kidnapper’s reckless driving of the insured’s car but not a car thief’s violence in stealing the car? The answers to such questions should be evident in the policy, and if not, the ambiguity must be construed in favor of the insured. Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171 (La.1958).
In reaching its decision, the majority relies on the Fourth Circuit case of Mangum v. Weigel, 393 So.2d 871 (La.App. 4th Cir. 1981). The Mangum court held that the med pay provision of a certain policy did not cover an intentional tort which caused injury to the insured. The court determined that the injuries were not “caused by accident” within the terms of the policy.
The Mangum court gave no rationale or analysis supporting its decision. From its opinion, though, we can discern two factors which distinguish it from the case at bar. First, the aggressor in Mangum committed a battery on the plaintiff’s person which would foreseeably cause injury. In the case presented herein, the majority notes that the aggressors were after the plaintiff’s money, an act that does not necessarily involve bodily harm. This was purportedly the distinguishing factor between Mangum and Redden v. Doe, 357 So.2d 632 (La.App. 1st Cir.1978), the First Circuit case with similar facts which held in favor of the insured under an uninsured motorist provision.
Second, and more important, the Man-gum court does not mention whether the policy at issue contained an exclusion for intentional acts. The Trinity policy, however, does not contain such an exclusion. In fact, the only intentional acts or potentially intentional acts excluded by the policy are those listed as 9 and 10 of the “Exclusions” section of the policy:
9. Caused by or as a consequence of:
A. Discharge of a nuclear weapon (even if accidental);
B. War (declared or undeclared);
C. Civil war;
*801 D. Insurrection; or
E. Rebellion or revolution.
10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
A. Nuclear reaction;
B. Radiation; or
C. Radioactive contamination.
The two provisions for med pay coverage have been met. Plaintiff is a covered person; that is, she was occupying a covered vehicle, as conceded by Trinity, and her injuries were caused by accident, to the extent that the word “accident” is undefined and ambiguous in the Trinity policy. I believe the well known jurisprudential rules on interpretation of insurance policies mandate a finding that the plaintiff was involved in an “accident” in this case.
Therefore, I respectfully dissent from the affirmation of summary judgment in this case, and would remand for further proceedings.