BECKER, Judge.
On the evening of December 19, 1987 Monica Byrne was stopped in her car alone at a train crossing on Burgundy Street in the city of New Orleans waiting for a train to clear the intersection. A second vehicle containing two unknown males pulled up and stopped behind Mrs. Byrne’s vehicle. A short time later prior to the train clearing the crossing the second vehicle moved forward and bumped into the rear of the plaintiff’s vehicle. The driver of the second vehicle then exited his car and walked forward to examine the two vehicles at the point of impact. Giving an indication that there was some damage, he gestured to the plaintiff, which resulted in the plaintiff exiting her car and approaching the other driver to see if there was indeed anything wrong. Mrs. Byrne was uneasy and tried to inspect the rear of her vehicle while also keeping watch on the other vehicle’s driver and passenger. At this point the passenger of the second vehicle got out of his car and proceeded toward the plaintiff’s automobile. She noticed the man reach into her car and grab her purse. Mrs. Byrne exclaimed “Great, oh great” and threw up her hands. As she turned around to look at the driver, he struck her in the face with his forearm causing the plaintiff to fall to the ground. The men ran to their car and fled the scene. The plaintiff sustained a broken nose and deviated septum that required surgical intervention.
The plaintiff brought suit against State Farm Mutual Automobile Insurance Company on the grounds that State Farm was liable to her under the Uninsured Motorist Vehicle provisions of her State Farm policy for damages that occurred in an accident by a “hit and run” vehicle.
On July 31, 1989, State Farm filed a Motion for Summary Judgment, alleging that Mrs. Byrne’s injuries “were not caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle ...”
The district court judge dismissed the plaintiff’s suit with prejudice on September 12, 1989. It is from this judgment that the plaintiff now appeals.
*729 ARGUMENT
The appellant contends that the trial court erred in granting State Farm’s Motion for Summary Judgment because there existed a genuine issue of material fact as to whether the appellant’s injuries were caused by an accident arising out of the use of the uninsured vehicle. The appellant argues that the injuries she received flowed directly from the use of the uninsured vehicle purposefully utilized by appellant’s assailants in the course of perpetrating a “bump and run” robbery. As such, the injuries received by the appellant were not mere happenstance to the use of the uninsured vehicle but instead were the direct intended product of that use.
After a careful review of the record and evidence we are convinced that the district court did not err in granting State Farm’s Motion for Summary Judgment and in dismissing the plaintiff’s suit.
The uninsured motorist policy in question reads as follows in pertinent part:
“We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.”
Uninsured motor vehicle — means:
2. a “hit and run” land motor vehicle whose owner or driver remains unknown which strikes:
(a) the insured or
(b) the vehicle the insured is occupying and causes bodily injury to the insured.
The policy language indicates that it is the uninsured vehicle which must cause bodily injury to the insured.
The appellant admits that neither the plaintiff nor her automobile sustained any damage as a result of being struck by the second vehicle. In this instance since the uninsured vehicle did not injure the plaintiff or her automobile it would appear that the damages sustained by the plaintiff by being physically assaulted by an unknown assailant outside of her automobile would not be covered under her policy. However, the appellant strenuously argues that the “bump and run” robbery scenario caused injuries which were a direct intended product of the “use” of the uninsured vehicle and thus should be covered by the policy.
The appellant cites Redden v. Doe, 357 So.2d 632 (La.App. 1st Cir.1978) as being supportive of her position that the use of the uninsured automobile caused her as-saultive injury. In Redden the plaintiff’s car was intentionally forced off the highway by two cars being driven by a group of unidentified would-be robbers. Her car landed in a bayou, turned upside down, and began filling with water. The plaintiff attempted to escape through a broken window. She got half way through the window when one of the assailants grabbed her by her shoulder and pulled her from the car. It was during the exit through the broken window that the plaintiff sustained the injuries she complained of. The plaintiff brought the suit under her uninsured motorist provision of her policy. The Court of Appeal affirmed the trial court’s ruling that her injuries were sustained while escaping from the partially submerged automobile and were a direct consequence of the accident.
The plaintiff also cites Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971) for the proposition that even though the person injured was not in actual physical contact with the automobile, he may still be within the coverage of the policy.
While we agree with the interpretation reached by the court in those cases, we note with interest that in each situation the insured party had some physical relationship with either the vehicle itself or an area that could be considered to be a part of the vehicle because of the language contained in the policy itself. For example, coverage was found where the injured plaintiff was found to be “upon” the vehicle while leaning over the closed tailgate of her truck, trying to lift a bucket of burning fuel from its bed, even though he was not resting on the vehicle. Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App. 2nd Cir.1965), writ refused, 248 La. 415, 179 So.2d 15 (1965). In Snider v. Kemper Insurance Company, 448 So.2d 1383 (La.App. 2nd Cir.1984), reversed in *730 part on other grounds, 461 So.2d 1051 (La.1985) the court stated that merely because the impact of the other vehicle propelled the plaintiff into the insured vehicle, its uninsured motorist policy did not apply since the plaintiff was not in, entering into, alighting from, or upon the vehicle.
The Fourth Circuit refused to find coverage in Washington v. Allstate Insurance Company, 499 So.2d 1255 (La.App. 4th Cir.1986) where the court had to determine if “the plaintiff was ‘on’ the insured vehicle at the time he was pinned between the insured’s vehicle and his own car.” The court stated:
“To conclude that Washington was ‘on’ Hulbert’s car would be difficult. Whether he was physically touching the Hul-bert vehicle is not determinative. See Smith v. Girley, supra. The focus should be upon ‘the relationship between the person and the vehicle, obviously of time and in distance.’ ” Westerfield v. Lafleur [493 So.2d 600], at 603 [La.1986] quoting Day v. Coca-Cola Bottling Company Inc., 420 So.2d [518] at 520 [La.App. 2nd Cir.1982],
In the instance case we must ask whether the plaintiff’s injury can be said to have been caused by an accident arising out of the “use” of the insured motor vehicle.
In Louisiana, injuries caused by a battery, whether a gun shot or physical attack, have generally been found to not “arise out of the operation, maintenance or use of a vehicle.” Lucey v. Harris, 490 So.2d 416 (La.App. 5th Cir.1986), writ denied, 496 So.2d 327 (La.1986); Mangum v. Weigel, 393 So.2d 871 (La.App. 4th Cir.1981); Tobin v. Williams, 396 So.2d 562 (La.App. 3rd Cir.1981); Ramsey v. Continental Insurance Company, 286 So.2d 371 (La.App. 2nd Cir.1973), writ denied, 287 So.2d 187 (La.1973); Dupuy v. Gonday, 450 So.2d 1014 (La.App. 1st Cir.1984); Tolleson v. State Farm Fire and Casualty Company, 449 So.2d 105 (La.App. 1st Cir.1984), writ denied, 450 So.2d 968 (La.1984); Topole v. Eidson, 464 So.2d 406 (La.App. 1st Cir.1985).
Whether or not certain actions constitute “use” of an automobile is best determined by a “common sense” approach. Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968).
In the present suit, the appellant’s automobile was deliberately bumped by the uninsured motor vehicle. However, the plaintiff suffered no injury nor did her automobile suffer any damage as a result of the collision with the second vehicle. After the collision the plaintiff testified that she turned off the engine, locked her door, and existed the automobile to determine if any damage had in fact occurred. While standing at the rear of her automobile she noticed that both of her assailants were out of their car and that one assailant continued walking towards her automobile. She watched as the man reached into her car and grabbed her purse. As she turned she was struck by the other assailant.
We find that the uninsured motor vehicle had ceased being “used” at the time of the plaintiff’s injury. There was no continuous flow connecting the use of the automobile to the subsequent injury because the plaintiff had ended her relationship with the vehicle when she had turned off the engine, locked her door and exited the car. The plaintiff did not sustain any physical injuries in connection with the actual operation of her car. We feel that the injuries complained of were too remote to have arisen out of the use of the vehicle.
For the above reasons, the judgment of the trial court dismissing the appellant’s suit is affirmed.
AFFIRMED.