DREW, J.
Both the plaintiffs (“The Turners”) and the defendant (“Moore”) complain the trial judge erred in granting summary judgment in favor of Moore’s homeowner’s insurer (“Liberty”). The court below found that the homeowner’s policy excluded coverage for the loading of a motor vehicle or trailer connected thereto. The injury here occurred during the loading of a horse onto a trailer connected to a truck. Finding that “loading” is loading, we affirm.
The facts here are not in dispute. On April 16, 1997, Moore was in his yard trying to load a young colt into his horse trailer attached to his pickup truck. Experiencing problems with the stubborn animal, he inveighed upon Turner to assist him. Turner did so. The young horse reared, Turner fell down inside the trailer and broke his hip.
Moore had both homeowner’s and automobile liability coverage with Liberty. Coverage by the automobile policy is apparently not an issue.
The homeowner’s policy contains this exclusion:
Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to “bodily injury” or “property damage”: ...
f. Arising out of:
(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an “insured”; ...
This exclusion does not apply to:
(1) A trailer not towed by or carried on a motorized land conveyance.
A little common sense and the clear language of the policy should be applied. The loading here was contemplated as an exclusion under the homeowner’s policy. The risk contemplated here is specifically *910 included in the automobile policy. The analysis of the Louisiana Supreme Court in Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968) is sound. “Loading” is loading, and the homeowner’s policy here provides no coverage for injuries arising out of same.
The judgment of the trial court granting Liberty’s motion for summary judgment relative to the homeowner’s policy is affirmed, with the costs of this appeal to be split evenly between plaintiff and defendant.
AFFIRMED.
CARAWAY, J., dissents with written reasons.