THE CELINA MUTL. INS. CO. *v.* SAYLOR ET AL.

(No. A-723212—Decided January 12, 1973.)

Common Pleas Court of Hamilton County.

*Messrs. Lindhorst & Dreidame* and *Mr. William H. Cussen*, for plaintiff.
*Messrs. White & Getgey*, for defendants.

KRAFT, J. This matter came before the court on a Complaint for declaratory judgment. The plaintiff issued to the defendant, Conrad Saylor, a certain family automobile insurance policy No. 2788938 and defendant, Thelma Saylor, wife of Conrad Saylor, was an insured under said policy.

Part IV of the policy is captioned "Protection Against Uninsured Motorists" and coverage J, a section therein, reads as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including

death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *.''

The defendants have made a claim against plaintiff under said policy provision for injuries and damages caused by an alleged uninsured motorist on May 15, 1969, to the person of Thelma Saylor, such claim being the subject of a matter pending before the American Arbitration Association, Inc., in conformance with the requirements for the disposition of claims under the uninsured motorists clause.

The plaintiff claims that the defendant's injuries were a result of intentional acts of said alleged uninsured motorist, not accidental, and as such are not covered by the specific terms of the policy of insurance.

The facts essentially in agreement are that Mrs. Thelma Saylor was on strike from her employer and walking picket duty in front of her employer's plant. The uninsured motorist came to the driveway to enter the plant and was blocked from doing so and told by the defendant, Thelma Saylor, and other picketers that he could not enter. He left and returned some short period later driving directly through the entrance-way of the plant striking the defendant Thelma Saylor and causing her injury. The evidence further reveals that although the defendant Thelma Saylor did not actually see the vehicle as it struck her, since her back or side was turned away, she did sign a criminal complaint against the uninsured motorist alleging a violation of R. C. 2901.241, in that he did ''unlawfully assault the above named Thelma Saylor with a deadly weapon, to-wit: an automobile.''

Counsel suggests to the Court that the interpretation of the word ''accident'' as it appears in the uninsured motorist provisions of the insurance contract is a matter of first impression in the state of Ohio. Generally, in Ohio, *accidental or caused by accident* means an unexpected and unintended happening, so that injuries resulting from an assault are not accidentally sustained. It has been held that automobile insurance policies insuring against liability claims resulting from injuries accidentally suffered do not cover an injury resulting from willful, intentional

personal violence inflicted by another. The plaintiff cites *Commonwealth Casualty Co.* v. *Headers,* 118 Ohio St. 429; *Rothman* v. *Metropolitan Casualty Ins. Co.,* 134 Ohio St. 241, and 6 Ohio Jurisprudence 2d, Automobile Insurance, Sections 65 and 66, as authority for its position on this issue. Plaintiff also cites *Murray* v. *Landenberger,* 5 Ohio App. 2d 294, for the proposition that as a matter of public policy, a liability insurance contract insuring against bodily injury would not afford coverage for an act intentionally inflicting injury on another and as additional support for its position, plaintiff cites a New York decision of *McCarthy* v. *Motor Vehicle Accident Indemnity Corp.,* 224 N. Y. S. 2d 909, for the proposition that there was no coverage for an injury caused by intentional vehicular assaults committed by an uninsured motorist and that such were not accidents.

In the *Rothman* v. *Metropolitan Casualty Ins. Co.* case, the court said:

"The state of the will of the person by whose agency an injury is caused, rather than that of the injured person, determines whether an injury is accidental within the provisions of a policy indemnifying the insured against loss resulting from claims for accidental injuries caused by the operation of insurer's automobile."

That court went on further to say, at page 246:

"In our opinion only those acts which are not motivated by an intent and purpose to injure are to be regarded as covered by the terms of this policy."

The cases cited by the plaintiff herein deal with the state of mind and will of the person who sought the protection of insurance coverage; who paid the insurance premiums and who consciously entered into a contractual agreement for indemnification.

Such is not the case in the instant matter wherein we deal with the subject of uninsured motorists coverage. The defendants in this case have paid the insurance premiums and have consciously contracted with the plaintiff for protection. The intent in the mind of the insured at the time of injury should determine whether the acts are accidental or intentional. To look through the eyes of the uninsured rather than the insured in this factual situation

would require an unconscionable twisting of the obvious purpose of purchasing insurance coverage.

All reason and logic would require a construction and interpretation that intent of mind should be taken from the viewpoint of the insured. Since the insured in the instant case was clearly not acting intentionally to harm herself, since the defendant in the instant case was the party privy to the insurance contract; since the defendant herein is the party who paid the premium for coverage to protect herself from the risk of injury caused by an uninsured third person it is the court's belief that the provisions of the insurance policy must be construed most favorably from the insured's viewpoint.

As the defendants pointed out in the case of *Nationwide Mutual Ins. Co.* v. *Roberts* (1964), 261 N. C. 285, 134 S. E. 2d 654, the Supreme Court of North Carolina stated:

"When an insured is intentionally injured or killed by another, and the mishap is as to him unforeseen and not the result of his own misconduct, the general rule is that the injury or death is accidentally sustained within the meaning of the ordinary accident insurance policy and the insurer is liable therefor in the absence of a policy provision excluding such liability."

That court went on to say:

"In regard to uninsured motorist coverage, it is particularly appropriate to examine the occurrence from the viewpoint of the injured party rather than from that of the aggressor. While the injury may be intentionally inflicted by the aggressor, to the extent that the assault is unprovoked and/or unexpected from the injured person standpoint the damages are just as accidental as if he had been negligently struck. Therefore there is almost no reason to consider the accident from any viewpoint but that of the injured person, except in the event the claimant provoked the assault."

This court having reached the conclusion that defendants should prevail in this action, judgment for the defendants is rendered accordingly, all at plaintiff's costs.

*Judgment for defendant.*