Argued February 7, affirmed February 23, 1973

DAVIS, *Respondent, v.* STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
*Appellant.*

507 P2d 9

*Frederic P. Roehr,* Portland, argued the cause for appellant. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

*Allen T. Murphy, Jr.,* Portland, argued the cause for respondent. With him on the brief were Green, Richardson, Griswold & Murphy, Portland.

HOLMAN, J.

This is an action upon the uninsured motorist provision of an insurance policy. The trial was to the court upon a stipulated set of facts. Defendant appealed from a judgment for plaintiff in the amount of the policy limits, $10,000.

Plaintiff, while a pedestrian, was injured when a third party intentionally operated an automobile into him. No liability coverage was available to the third party because he intentionally injured plaintiff. Plaintiff was an insured under a liability policy issued by defendant to plaintiff's mother and father, which included uninsured motorist coverage. Defendant is an Illinois corporation authorized to do business in Michigan and the policy was issued in Michigan. Plaintiff's

parents made their home in Michigan and plaintiff resided with them. At the time of the injury, plaintiff was attending college in Oregon. The amount of the damages is $10,000.

█ The parties do not agree whether Oregon or Michigan law applies. Courts have much difficulty with conflicts of law questions in the tort field. However, this case is an action upon a contract. The contract was entered into in Michigan under the authority of a Michigan statute and was issued to Michigan residents. The place of plaintiff's injury was fortuitous. Under such a set of facts, Michigan law applies. See Restatement (Second) Conflict of Laws §§ 188, 204(b); *Grayson v. National Fire Insurance Company*, 313 F Supp 1002, 1007 (D Puerto Rico 1970).

The issue to be determined by Michigan law is whether uninsured motorist coverage is applicable to an injury inflicted intentionally by a third party, who, by virtue of the intentionality of his act, is uninsured. The provision of the policy in question is as follows:

> "To pay all sums which the *insured* or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured motor vehicle* because of *bodily injury* sustained by the *insured,* caused by accident and arising out of the ownership, maintenance or use of such *uninsured motor vehicle* * * *." (Emphasis in original.)

Defendant first argues that plaintiff's injury was not "caused by accident" and therefore is not covered by the policy. This is the basis for decisions denying recovery in the only jurisdiction which has concerned itself with this particular subject. *See McCarthy v. Motor Vehicle Accident Indem. Corp.,* 16 App Div 2d

35, 224 NYS 2d 909 (1962), and *Motor Vehicle Accident Indem. Corp. v. Brinson,* 18 App Div 2d 809, 236 NYS 2d 567 (1963).

■ Whether the occurrence is accidental depends entirely upon the point from which the question is viewed. If the occurrence is looked at from the point of view of the person who inflicts the harm or of his liability insurer, it is intentional. On the other hand, if it is looked at from the victim's standpoint, it is unforeseen, unintended, unexpected, and has every aspect of an accident as long as the occurrence was not provoked. Therefore, it is necessary to decide which point of view is the proper one from which to solve the present question.

. The third party who inflicted the harm and his insurer are not parties to the policy upon which this action is brought. The money which will reimburse the plaintiff (if he is successful here) will not come from them. Defendant, if required to pay plaintiff, will be subrogated to any rights plaintiff has against the third party. The liability of the third party will be unaffected by the outcome of this case and no public policy will be offended because he will receive no protection from the consequences of his unlawful act. Certainly, there is no reason to consider the matter from the viewpoint of the third party and of his insurer. They are unconcerned and unaffected by the present litigation. The proper points of view are those of plaintiff and defendant. The occurrence was accidental as far as plaintiff is concerned. Defendant points to no qualifying definition of "accident" and any ambiguity is construed against defendant.

■ The primary purpose of such coverage, in the absence of statutory declaration or of a provision of

the policy indicating otherwise, is to protect innocent victims who have been injured by financially irresponsible motorists. The purpose of the coverage is not protection from liability. This portion of the policy, therefore, resembles an accident policy for the victim of the uninsured motorist.

A work on the subject entitled A. Widiss, A GUIDE TO UNINSURED MOTORIST COVERAGE 93-95 (W. H. Anderson 1969), expresses the thought thusly:

"§ 2.47 Causation: negligent and intentional acts

"The general statement of coverage states that the company will pay all sums which the insured shall be 'legally entitled to recover as damages . . . because of bodily injury sustained by the insured *caused by accident* . . .' The phrase 'caused by accident' is not amplified by any definition elsewhere in the endorsement. Almost all automobile collisions involve accidents as the term is generally conceived. However, collisions which are intentionally caused by a driver, although they are rare, are far from unknown * * *. In two New York cases involving coverage provided by MVAIC, claims arising where the uninsured driver intentionally drove his automobile into the claimant's automobile were rejected as beyond the scope of protection. The teaching of these cases seems open to question on the basis * * * of what an appropriate construction of the endorsement terms is in this context, * * *."

"* * * * *

"In regard to uninsured motorist coverage, it is particularly appropriate to examine the occurrence from the viewpoint of the injured party rather than from that of the aggressor. While the injury may be intentionally inflicted by the aggressor, to the extent that the assault is unprovoked and/or unexpected from the injured person's standpoint the damages are just as accidental as if he had been negligently struck. Therefore, there is

almost no reason (with the possible exception of the determination of the premium rates, which should be of minimal importance in light of the incidence of such intentional assaults with an automobile) to consider the accident from any viewpoint but that of the injured person, except in the event the claimant provoked the assault." (Footnotes omitted; emphasis in original.)

In all fairness, the New York cases are based upon the wording and legislative history of a particular statutory scheme. The courts also concluded from such wording and history that uninsured motorist coverage was intended to place the injured person in the same position he would have enjoyed had he been injured by someone covered by a standard liability policy. When the New York courts decided that this is what was intended, the battle was over, because no recovery could be made from a wrongdoer's insurer if it had issued such a policy.

Defendant also makes the same contention about what was intended by the present statutory scheme; however, there is nothing in the Michigan uninsured motorist statute which, in any way, excludes from coverage injuries intentionally inflicted by a third party. The applicable statute is MCLA § 500.3010, which provides:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in [cited sections], under provisions approved by the com-

missioner of insurance, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles,* including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, * * *." (Emphasis added.)

The insurance is stated to be for the protection of those who are legally entitled to recover damages from uninsured motorists. The third party is uninsured as to plaintiff's claim and plaintiff is legally entitled to recover damages from him. Counsel reports to us that the Legislative Service Bureau of the Legislature of the State of Michigan states there is no legislative history available relating to the Michigan uninsured motorist statutes.

Plaintiff urges that the Michigan courts would permit him to recover because of a holding of a federal court in Michigan, based on Michigan law, entitled *New Amsterdam Casualty Co. v. Jones,* 45 F Supp 887 (ED Mich 1942), *aff'd,* 135 F2d 191 (6th Cir 1943). This controversy arose out of a policy insuring the owner and landlord of premises against liability for injuries to others caused by accident. The proprietor of a service station shot a customer over an argument concerning the kind of oil the proprietor put in the customer's vehicle. The court held that, as to the customer, the shooting was an accident, and, therefore, the customer could garnish the insurance company by virtue of his judgment against the insured. The lower court in its opinion offered the following gratuitous observation:

"* * * And so following along those lines we are convinced that if Jones [the proprietor] had gotten into his automobile and intentionally run

over Martin [the customer], we doubt whether any insurance company would have questioned its liability * * *." 45 F Supp 887 at 890.

For several reasons we would just as soon not base our analysis of Michigan law on such a case or on such a statement. The principal one is that it is a poorly reasoned opinion. Little consideration was given to the fact that the coverage was the result of a liability policy issued by the insurer to the wrongdoer, and, as to either of them, such a happening was not accidental. Neither was it adequately demonstrated why the victim's right of recovery against the wrongdoer's insurer should be greater than the wrongdoer's right to have his insurer protect him.

There have been two recent cases of the Court of Appeals of Michigan which tangentially touch upon the law's purpose. The first is *Collins v. Motorists Mutual Insurance Company,* 36 Mich App 424, 194 NW 2d 148 (1971). In this case, plaintiff's husband was killed by an uninsured motorist while occupying a vehicle other than his own, and she received the policy limits from uninsured motorist coverage provided by a policy issued to the owner of that vehicle. Two policies of insurance had been issued by defendant to plaintiff's husband, each of which also included uninsured motorist coverage with identical limits, and plaintiff brought a proceeding to recover under such coverage of these policies. The principal issue was the validity of the "other insurance" provisions of these policies which, in case of other coverage, limited the loss, in effect, to one policy limit. The court held that such limiting provisions were contrary to the Michigan uninsured motorist statute and were, therefore, void. This was the holding despite the contention that it would put a person injured by an uninsured

motorist in a better position than if the tortfeasor had been insured in the minimum statutory amount. This holding would indicate that Michigan does not see in its uninsured motorist provisions the limitation to coverage which the New York courts see in theirs.

The other case is *Hopkins v. Auto-Owners Insurance Company,* 41 Mich App 635, 200 NW2d 784 (1972). In this case, plaintiff was injured in his employer's parking lot by an uninsured fellow employee who negligently operated his vehicle. Plaintiff was unable to bring an action against his fellow employee because of the exclusive remedy provisions of the Workmen's Compensation Act by which plaintiff was covered at the time of the accident. Plaintiff sought to recover from his insurer upon the uninsured motorist provision of his liability policy. The court held he could not do so because he had no right of action against the tortfeasor, and a prerequisite to the liability of his insurer was his entitlement to damages from the tortfeasor. Had the court stopped there, the case would pose no problem. However, the court then volunteered that to hold otherwise would be to grant plaintiff a windfall which was not intended by the uninsured motorist legislation, the purpose of which was to place the victim in the same position he would have occupied had the tortfeasor been insured. Because there was no right to recover from the tortfeasor in any event and because such a right was a prerequisite to liability under the policy, it is difficult to see why the statement was necessary or relevant to the court's decision. The statement seems suspect to us, particularly because two of the three judges also sat in *Collins,* and *Collins* was not mentioned.

■ Although the correctness of our solution to the

present problem is not without doubt, it seems to us that the wording of the policy, the manner in which the Michigan statute is drawn, such fragmentary Michigan authority as is available, and the better reasoning all point toward Michigan courts allowing a recovery if presented with the facts as stated here.

The judgment of the trial court is affirmed.