315 So.2d 553 (1975)
LEATHERBY INSURANCE COMPANY, Appellant,
v.
David H. WILLOUGHBY, Appellee.
Nos. 73-826, 73-835.
District Court of Appeal of Florida, Second District.
June 18, 1975.
Rehearing Denied July 14, 1975.
Glos & Carson and John R. Parkhill, Tampa, for appellant.
W. DeHart Ayala, Jr., of Few & Ayala, Tampa, for appellee.
McNULTY, Chief Judge.
This is a case of first impression in Florida and it presents the question of whether an innocent insured under an uninsured motorist provision of a liability policy may recover from his own carrier because of injuries resulting from an intentional wrong of an uninsured motorist. The trial judge answered the question in the affirmative and we agree.
The agreed upon operative facts are that one Plitz, an uninsured motorist, intentionally and deliberately drove his truck into and upon plaintiff-appellee, who was in no way at fault, causing the injuries for which recovery is sought herein. The appellant-carrier contends that the injury did not result from an "accident" as contemplated by its policy and therefore it is not liable thereunder. The pertinent provision is as follows:
"The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury ... caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile... ." (Emphasis ours.)
Obviously, the case turns on whether appellee's injuries were caused by "accident."
To begin with, it is of critical importance that we keep in mind that we are here concerned with the liability of an insurance carrier to its own insured under the uninsured motorist provision of its liability policy issued to the insured as distinguished from the liability of an insurance carrier, as an indemnitor of the tortfeasor, under the ordinary liability policy issued for that purpose. Since uninsured motorist coverage is of comparatively recent vintage, most of the cases dealing with whether *554 an intentional tort is an "accident" within the provisions of liability coverage involved construction of the latter type policy, i.e., the ordinary liability policy. Early on it became the overwhelming consensus in those cases that since such a policy was in essence an indemnification contract public policy mandated that an intentional tort was not an "accident" within the coverage for the reason that one ought not be permitted to indemnify himself against his intentional wrongs. Necessarily, therefore, in determining whether or not an injury was caused by "accident," the matter was viewed from the standpoint of the intentional tortfeasor, not from that of an innocent victim as to whom such injury may have been indeed an accident.
It may be said parenthetically, here, that since the advent of compulsory liability coverage under the various states' financial responsibility concepts, the latest decisions on the subject hold to the contrary at least to the extent of the compulsory minimum coverage.[1] The rationale of these later cases is predicated, first of all, on the fact that the expressed, paramount legislative intent in most of the financial responsibility laws is to protect the innocent victim, not the tortfeasor; and, secondly, on the partial obviation of the public policy which otherwise, as noted, barred self-indemnification for intentional wrongs. On this latter point, an intentional wrongdoer who purchased compulsory coverage can now be said only to have indemnified himself to the extent of coverage he may purchase in excess of the minimum required amount.
Now, on the precise point before us, i.e., whether an innocent victim of an intentional tort may recover under an uninsured motorist provision of his own policy, we have found only three cases on point. The earliest case appears to be the 1962 New York case of McCarthy v. Motor Vehicle Accident Indemnification Corp.[2] Reasoning that the uninsured motorist concept only intended to afford an innocent victim the same protection he would have had had the tortfeasor been covered by an ordinary liability policy, that case applied to uninsured motorist coverage the same general rule which we hereinabove noted was long held applicable to ordinary liability coverage, viz, that an intentional wrong is not an "accident." Two subsequent cases from other states, however, held to the contrary;[3] and we agree with them that McCarthy was wrongly decided.
First of all, we allude to our first observation that the two types of policies are conceptually dissimilar. Under uninsured motorist coverage the innocent injured party, not the intentional tortfeasor, is the "insured"; and clearly, viewing the matter from the standpoint of the innocent victim, the injury is an "accident."[4] This consideration as well articulated in Celina Mutual Insurance Company v. Saylor,[5] wherein it was said:[6]
"[In this case] we deal with the subject of uninsured motorists coverage. The [injured parties] have paid the insurance premiums and have consciously contracted with the [carrier] for protection. The intent in the mind of the insured at the time of injury should determine whether the acts are accidental or intentional. To look through the eyes of the uninsured rather than the insured in *555 this factual situation would require an unconscionable twisting of the obvious purpose of purchasing insurance coverage.
"All reason and logic would require a construction and interpretation that intent of mind should be taken from the viewpoint of the insured. Since the insured in the instant case was clearly not acting intentionally to [harm] herself, since the [insured] in the instant case was the party privy to the insurance contract; since the [insured] herein is the party who paid the premium for coverage to protect herself from the risk of injury caused by an uninsured third person it is the court's belief that the provisions of the insurance policy must be construed most favorably from the insured's viewpoint."
To that we would emphasize two other compelling reasons for our conclusions herein. The first is that § 627.727(1), F.S. 1971, which requires uninsured motorist protection in automobile liability insurance contracts (unless affirmatively rejected), was designed for the protection of injured persons, not for the benefit of insurance companies or motorists who cause damage to others.[7] This consideration was completely overlooked in McCarthy, supra. Secondly, the aforesaid public policy considerations militating against self-indemnification for intentional wrongs, which perhaps may still be at least partially viable in the ordinary liability indemnification contract as noted, are obviously totally irrelevant under the uninsured motorist concept.
We hold, therefore, that appellee, an innocent victim of an intentional tort committed by an uninsured motorist, may recover for injuries sustained thereby from his own liability carrier under the uninsured motorist provision of his policy hereinabove quoted.
In view whereof the judgment appealed from should be, and it is hereby, affirmed.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See, e.g., Nationwide Mutual Insurance Co. v. Roberts (1964), 261 N.C. 285, 134 S.E.2d 654 and cases cited therein.
[2] (Sup.Ct. 1962) 16 A.D.2d 35, 224 N.Y.S.2d 909, affirmed (1963) 12 N.Y.2d 922, 238 N.Y.S.2d 101, 188 N.E.2d 405.
[3] Davis v. State Farm Mut. Automobile Ins. Co. (1973), 264 Or. 547, 507 P.2d 9; Celina Mutual Ins. Co. v. Saylor (1973), 35 Ohio Misc. 81, 301 N.E.2d 721.
[4] Cf. Grange Mut. Cas. Co. v. Thomas (Fla.App.2d, 1974), 301 So.2d 158.
[5] (1973), 35 Ohio Misc. 81, 301 N.E.2d 721.
[6] Id. at p. 723.
[7] See Brown v. Progressive Mut. Ins. Co. (Fla. 1971), 249 So.2d 429.