MINSHALL, Appellant,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Minshall v. Motorists Mut. Ins. Co.* (1991), 72 Ohio App.3d 652.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60028.

Decided Feb. 25, 1991.

*Weisman, Goldberg, Weisman & Kaufman Co., L.P.A.,* and *James R. Goldberg,* for appellant.

*William J. Coyne,* for appellee.

*Charles J. Palmeri,* for intervenor National City Bank.

---

*Per Curiam.*

Plaintiff-appellant, Kensell R. Minshall, Sr., appeals from the order of the trial court which entered judgment for defendant-appellee, Motorists Mutual Insurance Company (hereafter referred to as "Motorists") in Minshall's action for uninsured motorists coverage. We affirm.

## I

The undisputed facts of record indicate that at approximately 7:00 a.m. on July 29, 1985, plaintiff was involved in a minor motor vehicle collision with an unidentified vehicle, occupied by three men. This collision occurred after plaintiff had backed out of a parking spot and into the aisle in order to straighten his vehicle. Although plaintiff was uninjured in the collision, one of the occupants of the unidentified vehicle approached plaintiff after the collision and punched plaintiff in the nose. This assailant and a second occupant of the unidentified vehicle then pulled plaintiff from his vehicle, and all three occupants of the unidentified vehicle began to assault plaintiff. One of the men robbed plaintiff of $100 during this incident.

At the time of the aforementioned assault, plaintiff was an insured under a policy of insurance issued by defendant Motorists, which provided, in relevant part, as follows:

"PART C—UNINSURED MOTORIST COVERAGE

"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

"1. Sustained by a covered person; and

"2. Caused by an accident.

"*The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.*" (Emphasis added.)

On July 28, 1988 plaintiff filed this action against Motorists seeking compensation for his injuries pursuant to the uninsured motorists provision of his insurance policy. Motorists denied liability,[1] and was subsequently awarded judgment.

## II

In his sole assignment of error, plaintiff asserts that the trial court erred in denying coverage because his claim arises out of the ownership, maintenance, and/or use of his automobile. This claim lacks merit.

In *Kish v. Central Natl. Ins. Group of Omaha* (1981), 67 Ohio St.2d 41, 21 O.O.3d 26, 424 N.E.2d 288, the Supreme Court determined that the plaintiff's claim arising from the shotgun slaying of her husband following a motor vehicle collision was not compensable under the uninsured motorist provision

---

1. On August 22, 1989, National City Bank was permitted to intervene in the action in order to assert a creditor's bill. National City Bank is not participating in this appeal, however.

of her policy of automobile insurance. In rejecting the plaintiff's contention that her husband's death was occasioned by an accident "arising out of ownership, maintenance, or use of the uninsured vehicle," the court stated:

" * * * The relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle. The application of this standard to the instant facts leads us to conclude that the intentional, criminal act of the murderer was an intervening cause of injury unrelated to the use of the vehicle. As the court below stated, 'the death resulted from an act wholly disassociated from and independent of the use of the vehicle as such.'

"The cases upon which appellant relies, [*Celina Mut. Ins. Co. v. Saylor* (1973), 35 Ohio Misc. 81, 63 O.O.2d 76, 301 N.E.2d 721, *Nationwide Mut. Ins. Co. v. Roberts* (1964), 261 N.C. 285, 134 S.E.2d 654], *Leatherby Ins. Co. v. Willoughby* (Fla.App.1975), 315 So.2d 553, and *Davis v. State Farm Mut. Auto Ins. Co.* (1973), 264 Ore. 547, 507 P.2d 9, which support the proposition that the accidentalness of an event is to be viewed from the perspective of the insured, are inapposite to the question whether the injuries sustained by appellant's decedent entitle her to recover from the appellees under the terms of the policies at issue herein. The above cited cases all consider intentional acts directed at insureds in which the injury causing instrumentality is the vehicle itself. Appellee Central implicitly acknowledges that under the terms of its policy appellant's decedent's death would have been caused by a motor vehicle if the murderer had used his vehicle instead of a shotgun to kill Kish. Nationwide, too, recognizes that the factual situation presented in *Saylor, supra,* in which the automobile was the injury causing instrumentality, would constitute a 'use' of the uninsured vehicle under the terms of its policy." *Id.,* 67 Ohio St.2d at 50–51, 21 O.O.3d at 32–33, 424 N.E.2d at 294–295.

Plaintiff maintains that this matter is distinguishable from *Kish,* however, because he was attacked and injured while occupying his vehicle, and the decedent in *Kish* was slain outside his vehicle. The court finds this to be a distinction without a difference because the fact that the *Kish* decedent was not occupying his vehicle was not relevant to the uninsured motorist claim, but rather, precluded coverage for a claim made under the "family compensation provision" of the policy which provided coverage for accidents "suffered while occupying * * * [the insured's] auto." *Id.* Further, in *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, paragraph two of the syllabus, the Supreme Court held that the plaintiff could not obtain motorist coverage for a gunshot injury, sustained while the plaintiff was inside his vehicle, because this injury was not "caused by accident resulting from the ownership, maintenance, or use of" his automobile. The *Howell* court stated:

" * * * *The focus of the [Kish] holding was* not the mental state of the tortfeasor but *the instrumentality causing death.* Accordingly, had the death in *Kish* resulted from the intentional ramming from behind of decedent's automobile by the tortfeasor's vehicle, recovery would have been allowed. *Id.* [67 Ohio St.2d] at 51, 21 O.O.3d at 32, 424 N.E.2d at 294." (Emphasis added.) *Id.,* 45 Ohio St.3d at 369, 544 N.E.2d at 882.

Accordingly, we are compelled to likewise consider the instrumentality causing plaintiff's harm in this matter, and because that instrumentality was not an unidentified vehicle, but rather was the occupants of that vehicle, we must affirm the trial court's denial of coverage.

Finally, plaintiff urges us to apply this court's previous decision in *Nationwide Mut. Fire Ins. Co. v. Turner* (1986), 29 Ohio App.3d 73, 29 OBR 83, 503 N.E.2d 212, to this matter in order to authorize coverage. As we find this matter to lack the requisite causal connection to the unidentified motor vehicle which plaintiff's assailants were driving, we find *Turner* inapplicable, however.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DYKE, P.J., FRANCIS E. SWEENEY and JOHN F. CORRIGAN, JJ., concur.