[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #106
On August 2, 1995, the plaintiff, Christopher Roberts, filed a two count amended complaint against the defendant, Utica Mutual Insurance Company, seeking uninsured motorist benefits. Count one alleges that the uninsured motorist that injured the plaintiff negligently operated his vehicle causing the plaintiff's injuries. Count two alleges in the alternative that the uninsured motorist recklessly operated his motor vehicle.
The plaintiff's amended complaint alleges that on May 28, 1993, the plaintiff was driving his motorcycle in Meriden, Connecticut. An unidentified driver operating a Ford Bronco struck the plaintiff's motorcycle from behind and then drove up CT Page 2639 on the left hand side of the plaintiff and forced the plaintiff off of the road, causing him to swerve and lose control of the motorcycle. The driver of the Ford Bronco then immediately drove his vehicle away from the scene of the accident.
According to the plaintiff's amended complaint, on May 28, 1993, the plaintiff possessed an effective automobile insurance policy with the defendant that provided coverage for injuries caused by an uninsured motorist. The plaintiff claims that the unidentified driver negligently, or alternatively, recklessly caused the plaintiff's injuries. Accordingly, the plaintiff claims that the since the driver of the Ford Bronco is unidentified and therefore uninsured, the defendant must provide the plaintiff with uninsured motorist benefits to compensate the plaintiff for his injuries.
On January 11, 1996, the defendant filed a motion to strike requesting the court to strike count two of the plaintiff's amended complaint. According to the defendant's motion, the plaintiff is not entitled to recover uninsured motorist benefits from his insurance carrier for injuries caused by the reckless conduct of the uninsured motorist.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15 (1992). When reviewing a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "In deciding upon a motion to strike[,] . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court inConnecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83
(Super.Ct. 1979) stated that "alleging affirmative matter makes [the motion to strike] the equivalent of a speaking motion to strike which is not proper." (Internal quotation marks omitted.)
The defendant makes three arguments in support of its motion to strike. First, the defendant argues that Bodner v. UnitedServices Automobile Assn., 222 Conn. 480, 500 (1992) andCaulfield v. Amica Mutual Ins. Co., 31 Conn. App. 781, 785-88
(1993) indicate that an insured may not receive punitive or CT Page 2640 treble damages as uninsured benefits from his insurance company. The defendant contends that all damages received from a claim of recklessness are punitive in nature and not compensatory. Therefore, according to the defendant, the plaintiff cannot make a claim for uninsured motorist benefits based on the reckless conduct of the unidentified driver of the Ford Bronco.
The defendant next argues that a plaintiff can recover uninsured motorist benefits only if he could have recovered under the tortfeasor's liability insurance policy. The defendant states that insurance companies cannot provide coverage for reckless behavior. Therefore, the defendant argues that if the driver of the Ford Bronco recklessly caused the plaintiff's injuries, the plaintiff would not have been able to recover under that driver's liability insurance policy. Accordingly, the defendant argues that since the plaintiff could not have recovered under the unidentified driver's liability insurance policy, the plaintiff cannot recover uninsured motorist benefits under the defendant's policy.
The defendant's third argument states that its insurance policy specifically indicates that it will not provide uninsured motorist coverage for injuries caused by reckless conduct. Therefore, the defendant contends that since the plaintiff cannot recover uninsured motorist benefits based on the unidentified driver's reckless conduct, the court should grant its motion to strike the second count of the amended complaint.
The plaintiff agrees with the defendant that the plaintiff is not permitted to recover punitive or treble damages as uninsured motorist benefits, but states that the second count of the amended complaint is not seeking punitive or treble damages. According to the plaintiff, the second count of the amended complaint alternatively alleges that the unidentified driver recklessly caused his injuries and that the plaintiff should be permitted to recover compensatory damages from the defendant as uninsured motorist benefits.
The defendant claims that any damages received for reckless conduct are punitive in nature, and therefore, the plaintiff cannot recover for these damages as uninsured motorist benefits. When a plaintiff establishes a claim for damages arising out of the defendant's reckless or intentional conduct, the plaintiff is entitled to both compensatory and punitive damages. Leabo v.Leninski, 2 Conn. App. 715, 724-28 (1984). "It is axiomatic that CT Page 2641 the plaintiff who establishes tort liability is entitled to fair, just and reasonable compensation for his injuries." Id., 726. "The occasion for awarding punitive damages is quite different from that of awarding compensatory damages under our long-standing rules governing the award of punitive damages." (Footnote omitted; internal quotation marks omitted.) Champagnev. Raybestos-Manhattan, Inc., 212 Conn. 509, 532 (1989). "Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others. . . . If awarded, they are restricted to cost of litigation less taxable costs of the action. . . ." (Internal quotation marks omitted.) Id., 532-33. "Moreover, punitive damages generally have the flavor of punishment against a defendant for the quality of his conduct and of deterrence to a defendant or others against such conduct in the future." Id., 533. "Such damages are, therefore, not doctrinally duplicative of compensatory damages, but rather serve special, limited purposes other than compensation." (Internal quotation marks omitted.) Id.
Through his argument, the defendant attempts to label all damages received under a claim for reckless conduct as punitive damages. The case law indicates that punitive and compensatory damages serve different purposes, one punishing a defendant and providing a plaintiff with a recovery for his costs of litigation, and the other allowing the plaintiff to recover for his physical injuries. Therefore, compensatory damages received under a claim for reckless conduct are not punitive in nature or even punitive damages as the defendant claims. If the defendant's argument was correct, in that a plaintiff could only recover punitive damages for a claim for reckless conduct, then a plaintiff would be limited to recovering only his costs of litigation under a claim for recklessness. Accordingly, bothBodner v. United Services Automobile Assn., supra, 222 Conn. 500
and Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. 785-88 do not apply to the plaintiff's claims for compensatory damages under the second count of his amended complaint since both cases only state that a plaintiff cannot recover punitive damages as uninsured motorist benefits.
The defendant next argues that the plaintiff cannot recover uninsured motorist benefits for injuries caused by the unidentified driver's reckless conduct because the plaintiff could not have recovered under the unidentified driver's liability insurance for injuries stemming from the driver's reckless conduct. Section 38a-334-6(a) of the Regulations of CT Page 2642 Connecticut State Agencies provides, "[t]he insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle." (Emphasis added.) "The question . . . arises whether the accident should be looked at from the viewpoint of the person who inflicts the harm (i.e., is the action intentional and therefore not an accident) or from the viewpoint of the claimant who looks on their injury as unforeseen, unintended or unexpected." (Internal quotation marks omitted.) J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (1993) c. 1, § 1.8.2, p. 45. "The [uninsured motorist] regulations . . . must carry into effect the purpose and intent of the statute pursuant to which they are enacted." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 196 (1987). "The public policy embodied in [the uninsured motorist] statutes favors indemnification of accident victims unless they are responsible for the accident." (Internal quotation marks omitted.) Harvey v. Travelers Indemnity Co.,188 Conn. 245, 250 (1982).
In Covenant Ins. Co. v. Coon, 220 Conn. 30, 34 n. 5 (1991), the court stated that Connecticut's uninsured motorist statutes are interpreted "from the perspective of the person covered." Furthermore, in Sherb v. The Travelers Indemnity Co., Superior Court, judicial district of New London, Docket No. 519498 (May 21, 1992, Hurley, J., 6 Conn. L. Rptr 432, 434) the court stated, "[t]here is no public policy which mandates or even suggests that, in UM coverage questions, an incident should be viewed through the eyes of the wrongdoer to determine if the insured was the victim of an accident." (Internal quotation marks omitted.) Additionally, "[o]ther jurisdictions which have interpreted the word accident from the point of view of the insured have reasoned that where uninsured motorist coverage is concerned, the injured parties pay premiums as part of a contract with an insurance carrier for protection, and that what the insured intended should determine whether the acts are accidental or intentional." (Internal quotation marks omitted.) Id., citing Leatherby Ins.Co. v. Willoughby, 315 So.2d 553, 554 (1975). Furthermore, "[w]hile the injury may be intentionally inflicted by the aggressor, to the extent that the assault is unprovoked and/or unexpected from the injured person's standpoint the damages are just as accidental as if he had been negligently struck." Sherbv. The Travelers Indemnity Co., Superior Court, judicial district CT Page 2643 of New London, Docket No. 519498 (May 21, 1992, Hurley, J., 6 Conn. L. Rptr 432, 434).
In the present case, the plaintiff alleges that he was driving his motorcycle when an unidentified driver caused him to swerve off of the road. As viewed through the eyes of the plaintiff, he suffered an unexpected event that caused him several injuries. Accordingly, the plaintiff sufficiently alleges, as viewed through his eyes, that he suffered an accident. Since § 38a-334-6(a) of the Regulations of Connecticut State Agencies mandates that the insurer will pay for damages caused by an accident involving an uninsured motorist, the plaintiff may recover uninsured motorist benefits from the defendant if the plaintiff proves that the uninsured motorist recklessly caused his injuries.
The defendant also contends that its insurance policy does not permit an insured to recover uninsured motorist benefits for injuries caused by reckless conduct. Since the court is not permitted to review facts outside of the pleadings on a motion to strike, the court does not grant the motion to strike on this ground. Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348. Furthermore, because the law indicates that the plaintiff may recover compensatory damages from its insurance carrier as uninsured motorist benefits for injuries caused by the reckless conduct of another, the court denies the defendant's motion to strike count two of the plaintiff's complaint.
Samuel S. Freedman, Judge