[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff has brought an action against White Plains Bus Co., Inc., Suburban Bus Services, Inc. d/b/a Greenwich Bus Co., Dattco, Inc. and Joseph Naissance alleging, in count one, negligence against all defendants and, in count two, recklessness against the defendant bus companies. The claims arise out of an incident involving the use of a bus for training purposes. According to the allegations in the complaint, in August of 1994, Naissance was operating a bus for training purposes under the supervision of the defendant bus companies on which the plaintiff was a passenger/trainee. The plaintiff was allegedly injured when Naissance "abruptly and without warning [engaged] the brakes while driving at an excessive rate of speed."
The defendant bus companies filed a motion to strike the second CT Page 10802 count of the plaintiff's second revised amended complaint on the basis that it fails to allege facts sufficient to support a cause of action for recklessness. The defendants also move to strike the plaintiff's claims for punitive damages in the second count on the ground that common law punitive damages may not be imposed upon a principal vicariously liable for the acts of his agent.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). In addition, the court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752
(1988). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133,471 A.2d 681 (1983); Practice Book § 152(2), now Practice Book (1998 Rev.) § 10-39(a)(2).
The defendant bus companies argue in support of their motion to strike that count two fails to allege facts sufficient to support a cause of action for recklessness. "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross CT Page 10803 negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532, 542 A.2d 711 (1988). Reckless conduct has been defined as that which "`tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.'" Dubay v. Irish, supra, 207 Conn. 533, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214. "[I]t `requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and . . . the actor `must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.'" Rogers v.Doody, 119 Conn. 532, 535, 178 A. 51 (1935), quoting 2 Restatement (Second), Torts § 500, comment g.
"A cause of action claiming . . . reckless misconduct is `separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I, Inc., 26 Conn. App. 509,513, 603 A.2d 1173 (1992), quoting Kostiuk v. Queally,159 Conn. 91, 94, 267 A.2d 452 (1970). "There is a wide difference between negligence and a reckless disregard for the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.)Kostiuk v. Queally, supra, 159 Conn. 94; see Warner v.Leslie-Elliott Constructors, Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A claim for wanton and reckless misconduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v. Francis, Superior Court, judicial district of New London at New London, Docket No. 518276 (August 13, 1992, Leuba, J.), citing Sheiman v. Lafayette Bank TrustCo., supra, 4 Conn. App. 46. Indeed, "[w]here one count of a CT Page 10804 complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and, simply [refers] to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." (Internal quotation marks omitted.)Sullivan v. Hocon Gas, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 331786 (July 16, 1997, Hartmere, J.) (20 Conn. L. Rptr. 77).
Paragraph 30 of count two alleges that the plaintiff's "injuries and damages were caused by the [defendant bus companies] who jointly acted with reckless disregard for the safety, health, and well being of persons such as the plaintiff . . . in that the defendants knowingly elected to train prospective employee drivers aboard a bus that was equipped with an inadequate number of seats equipped with seatbelts for the number of trainee passengers which the defendants put on board at the time of the accident, despite the clear foreseeability that in the event of an accident, or sudden and unexpected stop of the vehicle, persons aboard it would be at risk of serious bodily injury." This paragraph sets forth specific factual allegations in support of the plaintiff's claim that "the defendants knew, or had sufficient facts before them to know, that their actions involved a serious danger to others, and that, despite knowledge of this substantial risk, nonetheless proceeded to make a conscious choice to disregard said risk." Warner v. Kedah Corp. , Superior Court, judicial district of Middlesex at Middletown, Docket No. 072964 (September 20, 1995, Stanley, J.).[1]
Although the basic facts alleged in the first count are similar to those alleged in the second count in support of the recklessness claim, the recklessness count does not rely on the same fact pattern as the negligence count in such a way that the recklessness count merely refers to conduct alleged as reckless in a bare and unsupported conclusion. Clearly the most basic underlying facts of the case will be the same throughout each count since both counts are founded upon the same fundamental set of facts. In addition, both causes of action, negligence and recklessness, are set out in distinct and separate counts. The second count adequately pleads more than a bare reallegation of facts and conclusory recklessness language. Moreover, the second count employs language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.
Upon consideration of count two with all favorable inferences in support of sustaining the legal sufficiency of the cause of CT Page 10805 action asserted therein, the count states a claim upon which relief can be granted. Therefore, the motion to strike the second count is denied.
The defendant bus companies also move to strike the plaintiff's prayer for relief for punitive damages in the second count. The defendants argue that (1) at common law, punitive damages may not be imposed upon a principal vicariously liable for the acts of his agent and (2) a plaintiff may not recover for multiple damages unless there is an applicable statute that carries out an exception to the common law rule.
The second count of the plaintiff's second revised amended complaint alleges recklessness against the defendant bus companies "in that the defendants knowingly elected to train prospective employee drivers aboard a bus that was equipped with an inadequate number of seats equipped with seatbelts for the number of trainee passengers which the defendants put on board at the time of the accident, despite the clear foreseeability that in the event of an accident, or sudden and unexpected stop of the vehicle, persons aboard it would be at risk of serious bodily injury." The reckless conduct alleged in this count is clearly asserted against the defendant bus companies themselves, and not against any agent of those companies. The complaint raises no vicarious liability or principal-agent claims. In deciding upon a motion to strike, the court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged. See Liljedahl Brothers, Inc. v.Grigsby, supra, 215 Conn. 348. Accordingly, the defendants' motion to strike on the basis that punitive damages may not be imposed upon a principal vicariously liable for the acts of his agent is without merit.
Moreover, "[w]hen a plaintiff establishes a claim for damages arising out of the defendant's reckless or intentional conduct, the plaintiff is entitled to both compensatory and punitive damages." Roberts v. Utica Mutual Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 374840 (March 22, 1996, Freedman, J.) (16 Conn. L. Rptr. 381), citingLeabo v. Leninski, 2 Conn. App. 715, 724-28, 484 A.2d 239 (1984). "Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Vandersluis v. Weil, 176 Conn. 353,358, 407 A.2d 982 (1978). "`[A]n actual intention to do harm to the plaintiffs is not necessary' for an award of exemplary [or CT Page 10806 punitive] damages if the defendant acts in reckless disregard of the results he knew or should have known would affect the plaintiffs." Leabo v. Leninski, supra, 2 Conn. App. 724, quotingCollens v. New Canaan Water Co., 155 Conn. 477, 490, 234 A.2d 825
(1967); see also Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 235 n. 35, 477 A.2d 988 (1984) (noting that the trial court's finding of reckless disregard by defendant for harm that actions would cause plaintiff was sufficient basis for punitive damages award).
Although "[t]he common-law doctrine of punitive damages, which allowed juries to award damages beyond mere compensation and practically at their own discretion, is no longer the law of this State"; Hassett v. Carroll, 85 Conn. 23, 38, 81 A. 1013
(1911), citing Hanna v. Sweeney, 78 Conn. 492, 62 A. 785 (1906); and "[i]n this state even punitive damages are designed not to punish the defendant for his offense but rather to compensate the plaintiff for his injuries"; Miller v. Drouin, 183 Conn. 189,190, 438 A.2d 863 (1981); Connecticut does recognize a common law prayer for punitive damages. "Under Connecticut common law, the term `punitive damages' refers to the expenses of bringing the legal action, including attorney's fees, less taxable costs."Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 517 n. 38,656 A.2d 1009 (1995); see also Berry v. Loiseau, 223 Conn. 786,825-27, 614 A.2d 414 (1992) (refusing invitation to abandon rule limiting punitive damages to litigation expenses less taxable costs).
The defendants argue in support of their motion to strike that Connecticut does not recognize a common law punitive damages prayer for relief imposed upon a principal vicariously liable for the acts of his agent unless there is an applicable statutory exception. As indicated above, since the second count simply does not allege any principal-agent relationship or vicarious liability on the part of the defendants, the defendants' argument regarding an exception to this rule is misplaced. To the extent the defendants' argument could be construed as a challenge to the existence of a common law punitive damages prayer for relief, that challenge is also without merit since the law recognizes such a prayer for relief under the appropriate circumstances.
As indicated above, the plaintiff has adequately established a claim for damages arising out of reckless conduct in count two of the second revised amended complaint. Therefore, the defendants' motion to strike the plaintiff's prayer for punitive CT Page 10807 damages in the second count is denied.[2]
In summary, because the plaintiff has alleged facts sufficient to support a cause of action for recklessness, the defendants' motion to strike the second count of the second revised amended complaint is denied. In addition, the second count also sufficiently alleges a basis for punitive damages. Therefore, the defendants' motion to strike the plaintiff's punitive damages prayer for relief is denied.
D'ANDREA, J.