Hillsborough–northern judicial district
No. 2001-438

STATE FARM MUTUAL INSURANCE COMPANY

v.

KENNETH PITMAN

Submitted: July 26, 2002
Opinion Issued: November 15, 2002

*Wiggin & Nourie, P.A.,* of Manchester (*Gordon A. Rehnborg, Jr.* and *Mary Ann Dempsey* on the brief), for the plaintiff.

*Nelson, Kinder, Mosseau & Saturley, P.C.,* of Manchester (*Blake M. Sutton* on the brief), for the defendant.

DALIANIS, J. The defendant, Kenneth Pitman, appeals an order of the Superior Court (*Sullivan,* J.) granting summary judgment to the plaintiff,

State Farm Mutual Insurance Co., denying uninsured motorist coverage under a policy owned by the defendant. We reverse and remand.

The trial court found the following undisputed facts. On the evening of December 31, 1999, the defendant, a police officer with the Manchester Police Department, worked a paid detail at Chantilly's nightclub in Manchester. Throughout the evening, William Looney made two attempts to enter the nightclub, but was denied admittance. At some point that night, the defendant heard a crashing sound caused by a concrete block thrown by Looney through the front window of the bar. The defendant then saw Looney, apparently intoxicated, running toward his car. Concerned that Looney would flee the scene and possibly harm himself or others, the defendant attempted to detain Looney by reaching into the car to take the keys from the ignition. As he did so, Looney accelerated and began driving around the parking lot, dragging the defendant with him. Looney made several unsuccessful attempts to remove the defendant by swerving toward other cars. As Looney exited the parking lot, the defendant finally dislodged himself, but suffered serious personal injuries.

The defendant sought coverage for his injuries under the uninsured motorist coverage portion of his insurance policy, which states that the plaintiff agrees to pay "all sums which the insured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident ...." The plaintiff sought a declaratory judgment that it need not provide coverage, claiming that the term "accident" is interpreted from the perspective of the tortfeasor and that intentionally-caused injuries are not covered under the uninsured motorist policy. On cross-motions for summary judgment, the trial court held as a matter of law that the plaintiff was not required to provide uninsured motorist coverage for the defendant's intentionally-caused injuries, finding that the term "accident" was unambiguously defined from the tortfeasor's perspective.

On appeal, the defendant argues that the application of the term "accident" is ambiguous and that it should be viewed from the perspective of the victim, not the tortfeasor. Because the parties do not dispute any material facts, we need only determine whether the plaintiff was entitled to judgment as a matter of law. See Pro Con Constr. v. Acadia Ins. Co., 147 N.H. 470, 472 (2002). We review the trial court's interpretation of the policies de novo, including its conclusion as to whether a policy term is ambiguous. See Hudson v. Farm Family Mut. Ins. Co., 142 N.H. 144, 147 (1997).

We generally construe an insurance policy as we do any other contract. *See id.* at 146. Where an insurance policy's language is reasonably susceptible of more than one interpretation, however, and one reasonable interpretation favors coverage, we construe the ambiguity against the insurer and in favor of coverage in order to honor the reasonable expectation of the policyholder. *See id.* "The doctrine that ambiguities in an insurance policy must be construed against the insurer is rooted in the fact that insurers have superior understanding of the terms they employ." *Hoepp v. State Farm Ins. Co.*, 142 N.H. 189, 190 (1997) (quotations omitted).

In *Vermont Mutual Insurance Co. v. Malcolm*, 128 N.H. 521 (1986), we determined that the term "accident" was unambiguous and defined it as "an undesigned contingency, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Id.* at 523 (quotations and ellipsis omitted). Here, however, the purported ambiguity lies not in the definition of the term but in the term's application within the context of an uninsured motorist policy. We have previously applied the term from the perspective of the tortfeasor in the context of liability insurance. *See id.* There is not, however, a single reasonable application of the term that applies in all contexts. *See Wendell v. State Farm Mut. Auto. Ins. Co.*, 974 P.2d 623, 628 (Mont. 1999). In the liability insurance context, the term could not reasonably be applied from the victim's perspective; otherwise the tortfeasor would receive a benefit for intentional, harmful conduct. Such is not the case with uninsured motorist insurance. Here, the victim is the insured seeking coverage and the tortfeasor would not benefit if it is provided. Accordingly, we address whether the application of the term in the context of uninsured motorist insurance is susceptible to more than one reasonable interpretation.

We note that, unlike in our recent decision in *Matarese v. New Hampshire Municipal Association Property-Liability Insurance Trust, Inc.*, 147 N.H. 396, 402 (2002), this interpretation of the contested policy language does not require an analysis of the uninsured motorist statute. In *Matarese*, the statute dictated the contested policy language, and we therefore applied the rules of statutory construction to discern the meaning of the language. *See Matarese*, 147 N.H. at 401; *see also* RSA 264:15 (1993). Here, the contested language is a contract term only, and is neither defined nor dictated by the statute. Thus, we are concerned only with the reasonableness of the parties' respective interpretations of the policy language in resolving whether the application of "accident" is ambiguous.

The defendant argues that the term "accident" should be applied from the insured victim's perspective to accord with the reasonable expectation of the insured. The majority of courts have adopted this approach. *See, e.g., Wendell,* 974 P.2d at 632; *State Farm Mut. Auto Ins. Co. v. McMillan,* 925 P.2d 785, 794 (Colo. 1996); *Leatherby Insurance Company v. Willoughby,* 315 So. 2d 553, 555 (Fla. Dist. Ct. App. 1975); *Celina Mutl. Ins. Co. v. Saylor,* 301 N.E.2d 721, 723 (Ohio Ct. App. 1973). These courts reason that the underlying purpose of uninsured motorist coverage is to protect innocent victims from injuries caused by uninsured tortfeasors. *See Wendell,* 974 P.2d at 635; *Leatherby,* 315 So. 2d at 554. Further, "to the extent that the assault is unprovoked and/or unexpected from the injured person['s] standpoint the damages are just as accidental as if he had been negligently struck." *Celina,* 301 N.E.2d at 723. Concluding that the insured would logically expect coverage for injuries caused by uninsured tortfeasors regardless of whether the injuries were intentionally or negligently caused, the majority view applies "accident" from the insured victim's perspective. *See Wendell,* 974 P.2d at 635.

The plaintiff claims that the term "accident" can only be applied from the perspective of the tortfeasor. The plaintiff argues that uninsured motorist coverage exists to provide the same protection to the insured that the uninsured motorist's liability policy would have provided had the motorist been insured. Because liability policies do not cover injuries caused by intentional acts of the insured, the plaintiff contends that uninsured motorist policies do not cover intentional acts of uninsured tortfeasors. A minority of courts have adopted this view, expressing the concern that if the term "accident" were applied from the perspective of the insured victim, nearly all incidents that result in injury would be "accidents." *See McIntosh v. State Farm,* 488 N.W.2d 476, 478 (Minn. 1992). Consequently, using the victim's perspective to apply "accident" would render the accident requirement in the policy nugatory. *See Wilson v. State Farm Mut. Auto. Ins. Co.,* 451 N.W.2d 216, 218-19 (Minn. Ct. App. 1990).

We find both applications of the term "accident" reasonable, and therefore conclude that the policy is, in that respect, ambiguous. *See Contoocook Valley Sch. Dist. v. Graphic Arts Mut. Ins. Co.,* 147 N.H. 392, 395 (2001). Construing the ambiguity in favor of coverage, we hold the term "accident," as defined in *Vermont Mutual,* must be viewed from the perspective of the victim when applied in the context of uninsured motorist policies. Accordingly, we reverse the trial court's order granting the

plaintiff's motion for summary judgment and remand for further proceedings consistent with this opinion.

Finally, we address the issue of enhanced compensatory damages, first raised by counsel in their briefs. This issue was not raised in the notice of appeal and is not properly before this court. Therefore, we will not consider its merit.

*Reversed and remanded.*

NADEAU and DUGGAN, JJ., concurred.